Saxtl Moskobt, J.
The petitions herein originally alleged acts, which if committed by an adult, would have constituted a violation of section 3396 of the Public Health Law in that the respondents were “ observed sniffing from a brown bag containing obnoxious material, glue.”
In obvious recognition of the legal principle that a violation of section 3396 of the Public Health Law constitutes merely an offense over which the Family Court has no jurisdiction, the court, on motion of the police counsel, permitted an amendment to the petitions to allege possession of noxious material in violation of section 270.05 of the Penal Law, a misdemeanor.
The respondents now move to dismiss the petitions upon the grounds:
1. That if the petitions be considered as alleging acts violative of section 3396 of the Public Health Law, this court lacks jurisdiction to make a finding thereon.
2. That if the petitioner be considered as alleging acts violative of section 270.05 of the Penal Law, a finding may not be made since glue sniffing may not be considered a violation of such section.
The respondents’ position as to point 1 must be sustained, albeit reluctantly.
Section 712 of the Family Court Act defines "a juvenile delinquent as. a “ person over seven and less than sixteen years of *611 age who does any act which, if done by an adult, would constitute a crime ” (italics supplied).
Subdivision 6 of section 10.00 of the Penal Law defines “crime” as a misdemeanor or a felony.
Since a violation of section 3396 of the Public Health Law is constituted an offense (see Penal Law, § 10.00, subd. 1.), this court may not base a delinquency finding thereon.
As to point 2, respondents’ position is likewise sustained. Section 270.05 of the Penal Law deals with possession of noxious materials generally. Section 3396 of the Public Health Law deals with ‘1 glue-sniffing ’ ’ specifically. It is too well settled to warrant citation of authority that where a general statute and a specific statute coexist, the specific statute takes precedence. Accordingly, the court holds that the Public Health Law is controlling with respect to the inhalation of glue.
Moreover, the court holds that the intent of section 270.05 is to proscribe the possession of such noxious materials as stench and tear gas bombs, substances which are designed and calculated to ‘ ‘ inflict physical injury upon or to cause annoyance to a person, or to damage property of another, or to disturb the public peace.” Obviously the sniffing of the glue is not a substance of a nature to injure the general public but rather to injure the individual user thereof.
The court joins police counsel in deploring the vacuum created by the legislative failure to invest this court with jurisdiction over juveniles who commit “offenses” and “violations.” However, this statutory defect must be remedied by the Legislature and cannot be corrected by judicial mandate.
The frustration of law enforcement authorities and courts in situations such as this will be further aggravated if proposed legislation is enacted which would constitute possession of limited amounts of marijuana as offenses. The juvenile courts will be helpless in their inability to assume jurisdiction to provide necessary services for children who may desperately he in need thereof. Unless the Legislature endows the court with jurisdiction over violations and offenses at least to the degree of dealing with them as persons in need, of supervision, no resource will be available to service children who are sorely in need of treatment.
If it can he established in the cases before the court that the respondents engaged in glue-sniffing as a matter of habit and are thereby incorrigible the respondents may be treated as persons in need of supervision. (Family Gt. Act, § 732.)
Petitions are dismissed.