Julius Chinman, J.
The defendant herein is charged with violating subdivision 2 of section 270.05 of the Penal Law.
Section 270.05 of the Penal Law provides as follows: “ 270.05 —Unlawfully possessing noxious material. 1. As used in this section, ‘ noxious material ’ means any container which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors, or capable of immobilizing a person.
“ 2. A person is guilty of unlawfully possessing noxious material when he possesses such material under circumstances evincing an intent to use it or to cause it to be used to inflict physical injury upon or to cause annoyance to a person, or to damage property of another, or to disturb the public peace.
“ 3. Possession of noxious material is presumptive evidence of intent to use it or cause it to be used in violation of this section.”
“ Noxious ” is defined in the unabridged edition of Random House Dictionary as ‘ ‘ harmful or injurious to health and well being.”
“ Offensive ” is defined as “ highly irritations or annoying— unpleasant or disagreeable to the senses. ’ ’
*1034 It is common knowledge, of which this court takes judicial notice, that there are many pesticides, insecticides and other materials manufactured and marketed by reputable producers for use in the household and garden to combat household and garden insects, diseases and odors.
Many of these products are in the possession of and used by innumerable householders.
A well known tomato and vegetable dust container bears the caution: ‘ ‘ Harmful if swallowed. Avoid inhalation of dust.
Avoid contact with skin. ’ ’
A nationally known chemical concern markets a rose dust, the container of which reads: ‘ ‘ Caution: may cause irritation of nose, throat and skin. Avoid breathing dust or spray mist. Avoid contact with skin, eyes and clothing.”
A weed killer cautions: “Poison — warning. Avoid contact with skin or eyes. Avoid breathing spray mist.”
A nationally advertised bathroom and household spray bears this caution: “ Keep out of the eyes. In case of contact, flush with water for 15 minutes. If irritation persists, contact a physician.”
These products fall within the definition of ‘ ‘ noxious material ” as set forth in subdivision 1 of section 270.05 and they could be used to inflict physical injury upon or to cause annoyance to a person, or to damage property or to disturb the peace as set forth in subdivision 2. Subdivision 3 provides that “Possession of noxious material is presumptive evidence of intent to use it or cause it to be used in violation of this section.”
Was it the Legislature’s intention to place persons in possession of common household and garden insecticides and sprays in a situation which could make them subject to arrest and prosecution by reason of the presumption set forth in subdivision 3?
This court interprets the Legislature’s intention to be that of prohibiting the possession and possible use by private persons of such products known as “tear gas,” “mace,” or other products similar thereto which are used by law enforcement agencies.
However, as presently written, section 270.05 of the Penal Law is unreasonably and unconstitutionally overbroad.
Defendant’s motion to dismiss the information herein is granted.