OPINION OF THE COURT
Arlene D. Goldberg, J.
Is a laboratory report confirming the presence of a noxious material and the operability of the device in which it is contained necessary to support a prosecution under Penal Law § 270.05 (2)?
This issue arises in the context of a motion to dismiss for facial insufficiency pursuant to CPL 170.30 (1) (a). Defendant, who is also charged with criminal contempt in the second degree (Penal Law § 215.50 [3]), seeks a similar order with respect to this count of the information on the ground that the factual allegations fail to establish an intentional disobedience to the lawful mandate of a court.
Although defendant has made detailed and specific arguments in support of her motion to dismiss, the People have not responded in kind. In opposition, the People simply assert that the accusatory instrument in its present form establishes a prima facie case as to both counts of the information.
For the reasons set forth below, defendant’s motion is granted and the information dismissed.
To be facially sufficient, an information must contain facts *960 of an evidentiary character tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986].) The factual allegations, whether set forth in the body of the instrument and/or in a supporting deposition, must further provide reasonable cause to believe the defendant committed the offenses charged and establish by nonhearsay every element of each offense and defendant’s commission thereof. (See, CPL 100.40 [1] [b], [c].) An information which fails to satisfy these standards is jurisdictionally defective and cannot be sustained. (People v Alejandro, 70 NY2d 133 [1987].)
PENAL LAW § 270.05
The factual allegations set forth in support of the charge of unlawfully possessing noxious material in this case are as follows: "Deponent [a police officer] states that he recovered a can of CS Tear Gas Chemical Spray from the seat of the radio motor patrol car where the defendant had just been sitting and that prior to the defendant’s presence on that sit [sic] there had been no can of tear gas on that seat.”
Defendant maintains that the factual allegation regarding the nature of the substance possessed is conclusory and absent a laboratory report insufficient to establish the presence of a noxious material within the meaning of Penal Law § 270.05 (1). She argues that the accusatory instrument is further defective because there is no factual allegation or operability report to establish that the can recovered was capable of emitting a noxious material.*
In relevant part, Penal Law § 270.05 (2) prohibits the possession of noxious material. The Penal Law defines noxious material as "any container which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors, or capable or immobilizing a person.” (Penal Law § 270.05 [1].)
By its terms, the statute does not require proof that the canister was functional, but only proof that it, in fact, contained a noxious material. Accordingly, the absence of an *961 allegation or report establishing operability is irrelevant to the facial sufficiency of this count of the information. (See, e.g., People v Strong, 42 NY2d 868 [1977].)
The question of what form of proof will suffice to establish the presence of a proscribed substance has apparently never been addressed with respect to a prosecution under Penal Law § 270.05.
In this case the officer alleges that defendant possessed tear gas. While tear gas clearly falls within the class of material prohibited by the statute (see, People v Hertz, 78 Misc 2d 1033, revd on other grounds 85 Misc 2d 1036 [App Term, 2d Dept 1976]; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 270.05, at 476), the factual allegations fail to establish that this is what the can contained. Presumably, the officer’s allegation is based on descriptive language appearing on the can. However, without proper foundation, the canister’s label is hearsay and as such cannot serve to establish the nature of the material possessed. Moreover, one cannot conclude based on the labelling alone that there was tear gas in the canister at the time the defendant allegedly possessed the device. (Cf., People v Duskin, 85 Misc 2d 839 [Nassau Dist Ct 1976].) In short, labelling is not a sufficient substitute for some form of scientific analysis identifying the chemical contents.
Based on the foregoing, this court holds that as with controlled substances, a laboratory report confirming the presence of a noxious material must be furnished to render the accusatory instrument facially sufficient. (See, e.g., People v Burton, 133 Misc 2d 701 [Crim Ct, NY County 1986]; People v McMillan, 125 Misc 2d 177 [Crim Ct, NY County 1984].)
Accordingly, the charge of unlawfully possessing noxious material is dismissed.
PENAL LAW § 215.50 (3)
The charge of criminal contempt in the second degree in this case is based on the allegation that "the defendant walked back and forth outside of the informant’s [Prenali Mendis] place of business.” This conduct is alleged to constitute an intentional violation of an order of protection issued by a Queens County Criminal Court Judge which, according to the accusatory instrument "prohibits the defendant from any and all contact with the complaining witness.”
A copy of the order in question has been filed by the People *962 in support of the prosecution of this case. It is a temporary nonfamily offense form order that was issued as a condition of an adjournment in contemplation of dismissal. By its terms, the order of protection directs the defendant to: "(a) stay away from the home, school, business or place of employment of Prenali Mendis, and (b) refrain from harassing, intimidating, threatening or otherwise interfering with Prenali Mendis.” The order does not reflect the location of Prenali Mendis’ home, school, business or place of employment.
Under Penal Law § 215.50 (3), a person is guilty of criminal contempt in the second degree when he or she intentionally disobeys or resists the lawful process or other mandate of a court.
Defendant maintains that the allegations set forth in the accusatory instrument fail to establish that she intentionally engaged in any behavior that was prohibited by the terms of the order of protection. In this regard, defendant points to the absence of any evidentiary facts to establish the distance between the defendant and the protected party’s place of business. She further cites the lack of any description as to the location or character of the subject premises. Finally, defendant argues that the factual allegations fail to demonstrate that she had any knowledge that she was in proximity to the complainant’s place of business.
"In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect.” (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; see also, People v Forman, 145 Misc 2d 115 [Crim Ct, NY County 1989].) When the terms of an order are vague and indefinite as to what actions are required or prohibited to a party, he or she may not be adjudged in criminal contempt for failing to take the required action or for taking the prohibited action. (See, Matter of Holtzman v Beatty, 97 AD2d 79 [2d Dept 1983]; People v Balt, 34 AD2d 932 [1st Dept 1970]; Matter of Sheridan v Kennedy, 12 AD2d 332 [1st Dept 1961]; People v For-man, supra.)
Additionally, there must be proof that the accused had knowledge of the order and that he or she intentionally disobeyed it. (See, Matter of Holtzman v Beatty, supra; People v Forman, supra )
The accusatory instrument in this case does not state the location of the alleged offense. According to the People’s *963 voluntary disclosure form, the act at issue was committed opposite 138 East 38th Street. At the arraignment, the Assistant District Attorney described the address to be the South African Mission.
In substance then, the People seek to attach criminal liability for defendant’s mere presence on a public street across from the office building where the complainant worked.
The question, therefore, to be decided is whether such conduct was clearly prohibited by the terms of the order of protection. I find that it was not.
As alleged there is absolutely nothing about defendant’s conduct that can be construed as harassing, threatening or intimidating, particularly where there is no showing that the parties were even visible to one another. There is also nothing in the complaint to support a finding that the defendant engaged in the conduct alleged for purposes of harassing, threatening, or intimidating the protected party. Moreover, there is nothing in the order to have put the defendant on notice that the prohibition against such acts included walking back and forth on a public street near to where the complainant worked.
To the extent this prosecution is based on the "stay away” clause of the order of protection, the factual allegations fail to show that the defendant knew the location was across the street from the protected party’s place of business. But even if she did know, the order is unclear as to whether it is violated by merely being near the place of business as opposed to within it.
The charge of criminal contempt in the second degree is dismissed.

 At the initial arraignment, the court ruled that the charge was insufficient on its face, as not alleging intent, and granted the People leave to supersede, or supply additional information in a supporting deposition. As of this date no further facts have been supplied by the People in either form. The defendant has not raised any issue regarding the People’s failure to comply with that order. In any event, Penal Law § 270.05 (3) makes possession of "noxious material” presumptive evidence of intent to use it unlawfully.