OPINION OF THE COURT
John B. Riordan, J.
Defendant is charged by way of superseding informations filed with the court under the three docket numbers involved. Each docket charges defendant with one count of violating Penal Law § 215.50 (3), criminal contempt, second degree, and one count of violating Penal Law § 240.30 (1), aggravated harassment, second degree.
The defendant now moves this court, by two separate motions, for an order pursuant to CPL 170.30, 170.35, 100.15 and 100.40, dismissing each count charging a violation of Penal Law § 215.50 (3) on the ground that the accusatory instruments are facially insufficient and defective in that they fail to contain nonhearsay allegations which, if true, would establish every element of the offense charged, a predicate element to a facially insufficient information (CPL 100.40). In the interest of judicial economy, the court will entertain the two motions as if they were one and render its decision with respect to each of the three counts at issue.
Defendant argues that two documents attached to and made a part of each instrument must be ignored by the court in determining the facial sufficiency of the instruments because the documents, not having been "subscribed and verified” by a person, do not rise to the level of supporting depositions as defined by CPL 100.20. Therefore, the defendant reasons the court, looking only to the factual part of the accusatory paper and not to the supporting documents, should find the instruments facially insufficient as informations, pursuant to CPL 100.40, and that they must be dismissed.
*1029 The documents in question are a copy of an order of protection against the defendant issued by Judge Hubsher of the Criminal Court of New York City, Kings County, and stenographic minutes subscribed and certified by the stenographer to be a true and accurate transcript of the proceedings taken of the sentencing proceeding at which time the order of protection was issued. Defendant’s motion presents two questions for the court. (1) Can the court look to supporting documents, other than supporting depositions, when determining the facial sufficiency of an accusatory instrument; (2) If the court can look to other supporting documents, do the accusatory papers in the instant action, taken as a whole, constitute facially sufficient informations pursuant to CPL 100.40 upon which the People may prosecute an action?
In answering the first question, it is obvious that the documents are not "supporting depositions” as that term is commonly used, but rather, public records of court proceedings involving the defendant supporting the allegations of the complainant as stated in the instrument. That fact, however, does not preclude the court from examining the documents and incorporating them into the instrument.
An information is sufficient on its face when it complies with the requirements of CPL 100.40. The necessary elements include: (1) substantial conformity to CPL 100.15 in form and content; (2) allegations in the factual part of the information and/or any supporting depositions that establish reasonable cause to believe the defendant committed the offense charged; and (3) nonhearsay allegations in the information and/or any supporting depositions that would establish, if true, every element of the offense charged, or in other words, establish a prima facie case. (People v Alejandro, 70 NY2d 133 [1987].)
"Hearsay”, as that term is used under the statute, is hearsay that is not admissible at trial. Hearsay evidence that comes under a recognized exception to the hearsay rule, and as such would be admissible at trial, must be considered nonhearsay evidence. (People v Fields, 74 Misc 2d 109 [Nassau Dist Ct, 1st Dist 1973].) Business records and court records, as exceptions to the hearsay rule, are appropriately utilized to supplement and corroborate hearsay allegations in a complaint, thereby converting such complaint into a valid information upon which the People may prosecute an action. (People v Pierre, 157 Misc 2d 812 [Crim Ct, NY County 1993].)
In the case at bar, the documents in question serving to augment and corroborate the allegations contained in the com *1030 plainant’s statement qualify as exceptions to the hearsay rule. The documents are admissible, under the common-law exception, as records kept or made in the normal course of public duties under the "business records” exception under CPLR 4518 and the "public documents” exception pursuant to CPLR 4520.
Stenographic notes taken by an official Court Reporter, as an officer of the court (Judiciary Law § 290), are part of the proceedings of the action in which they are taken (Judiciary Law § 292). The stenographer is under a duty to take complete stenographic notes of all the proceedings (Judiciary Law § 295). The transcription of such notes should be accepted by the court as an accurate and literal record of the proceeding, especially where there is no evidence to the contrary. (People v Hull, 13 Misc 2d 969 [1958].) Thus, the transcribed notes taken by the stenographer in the regular course of her official duties and certified as a true and accurate record of the proceedings fall within the above exceptions to the hearsay rule. The court is satisfied that they may be properly annexed to the complaints and referred to by the court in determining the sufficiency of the accusatory instruments.
The order of protection displays all the indicia of authenticity. It contains the stamp of the judicial officer who had the authority to direct its issuance; it bears the seal of the court from where it was issued and it contains the purported signature of the defendant. Although there is no separate certification accompanying the copy, the court is satisfied that the document, taken together with the certified transcribed minutes and absent any allegation by the defendant of alteration or nonauthenticity, is what it purports to be, that being an order of protection issued against the defendant and received by him as evidenced by his signature at the bottom of the document. The document, therefore, can properly be examined and relied on by the court in making its determination as to the facial sufficiency of the instruments.
The court now turns its attention to the issue of whether the complainant’s statement and the accompanying supporting documents make up facially sufficient informations pursuant to CPL 100.40. That is,, do the documents, taken as a whole, establish a "prima facie” case against the defendant for the offense of criminal contempt, second degree?
To establish a "prima facie” case of a violation of Penal Law § 215.50 (3), criminal contempt, second degree, at trial, the accusatory instrument must contain nonhearsay allegations that *1031 there has been a clear and definite order issued by the court against the defendant, that the defendant knew of the order and that the defendant willfully disobeyed it.
The court finds that accusatory papers filed together with the annexed supporting documents constitute a facially sufficient information. The nonhearsay allegations of the complainant and/or the incorporated public documents establish, if true, every element of the offense charged and the defendant’s commission thereof. Accordingly, defendant’s motion to dismiss each count charging him with violating Penal Law § 215.50 (3) under docket numbers 19075/95, 19076/95 and 19077/95 is denied.