OPINION OF THE COURT
Victor M. Ort, J.
Defendant’s motion to dismiss the indictment for insufficiency of Grand Jury evidence and defective Grand Jury proceeding is granted with leave to the People to re-present.
On July 15, 1996 the defendant was indicted for an attempt to commit assault in the second degree, a class E felony (count 1), and criminal contempt in the second degree, a class A misdemeanor (count 2). The court notes initially that the second count of the indictment is facially defective. Count 2, the criminal contempt charge, alleges that on May 23, 1996 "the said defendant violated order of protection #5022/94 by confronting Gail Johnson and attempting to assault her associate, Calvin Johnson”. (Emphasis supplied.) CPL 210.25 (1) provides that an indictment or a count thereof is defective when it does not substantially conform to the requirements stated in CPL article 200. CPL 200.30 (1) provides that each count of an indictment may charge one offense only. Where a count of an indictment charges more than one offense, the count is defective as duplicitous and must be dismissed. (People v Keindl, 68 NY2d 410 [1986].) As will be seen below, based on the way this case was presented to the Grand Jury, it is impossible to tell whether a majority of the grand jurors found reasonable cause to believe that defendant violated the said order *209 of protection in either confronting Ms. Johnson or attempting to assault Mr. Johnson. Similarly, were a trial jury to return a verdict of guilty on this count, it would be impossible to determine whether the jury unanimously agreed that the defendant committed either of the violations alleged.
Even if count 2 could somehow be found to comply with the mandates of CPL article 200, it would nevertheless have to be dismissed for the reason that "order of protection #5022/94” was never entered into evidence or produced before this Grand Jury. Rather, an unspecified order of protection was introduced early in the proceeding but then subsequently withdrawn from evidence by the prosecutor. It appears from the minutes that the order of protection was withdrawn as evidence because it was issued on May 24,1996, the day after the incident occurred.
Although the defendant stands charged with "intentional disobedience or resistance to the lawful process or another mandate of a court” the order of protection which defendant allegedly violated and which is the cornerstone of count 2 was never offered into evidence. Hence, it was impossible for the grand jurors to determine there was reasonable cause to believe that defendant violated the order. Manifestly, the actual order of protection provides the "best evidence” of the terms of the order. (See, e.g., Schozer v William Penn Life Ins. Co., 84 NY2d 639, 644 [1994].) Research has revealed no controlling appellate authority requiring the introduction of an order of protection at a Grand Jury proceeding. This is not surprising in view of the fact that felony criminal contempt is of relatively recent vintage. (See, Penal Law § 215.51 [b], [c], [d].) However that may be, several courts have faced a somewhat similar issue and concluded that the proper practice is to submit a copy of the order of protection in support of an accusatory instrument alleging criminal contempt (see, People v Henry, 167 Misc 2d 1027), and that the terms of an order of protection must be clear and unequivocal in order to uphold an accusatory instrument charging criminal contempt. (See, People v Gunatilaka, 156 Misc 2d 958, 961-962; People v Forman, 145 Misc 2d 115, 133.) Parallel reasoning dictates a similar requirement when dealing with a Grand Jury’s consideration of criminal contempt. Indeed, the Assistant District Attorney who presented the case was initially of the view that the evidence was insufficient and that the criminal contempt charge should be dismissed by the Grand Jury. Accordingly, it is held that the evidence before the Grand Jury in this proceeding fell far short of providing reasonable cause to believe a clearly expressed and definite order of the court had been violated.
*210 Count 1 of the indictment charges the defendant with an attempt to commit assault in the second degree. Ordinarily, consideration of the facts underlying such a crime would be independent of any inquiry concerning a criminal contempt charge. However, because of the manner in which this case was presented the court must consider the issue of whether the failure to present competent evidence as to the terms of the order of protection prejudiced the defendant as to the attempted assault charge.
When defendant testified before this Grand Jury, he was confronted with People’s exhibit 1, the order of protection, which had not yet been withdrawn from evidence. Although defendant conceded the terms of the order, that is, that it required him to stay away from Calvin Johnson, he denied knowledge that the order was in effect on May 23, 1996 (which it was not), the date of the attempted assault which constituted the alleged violation of the order of protection.
A review of the many questions asked by the Grand Jury shows that there is no question as to fact that they were greatly influenced, and more likely than not confused, by the conflicting evidence concerning the order(s) of protection.
Moreover, defendant essentially presented a defense of justification to this Grand Jury, claiming that his use of force was in response to an attack by Calvin Johnson’s dog. Having heard testimony as to the existence of the order of protection in favor of Calvin Johnson on the day after the incident, the grand jurors may well have concluded that the court which issued the order of protection had already determined that the defendant, as opposed to Calvin or Calvin’s dog, was in fact the aggressor.
Thus, it seems clear to this court that the integrity of the Grand Jury proceeding was impaired and prejudice to defendant may have resulted. (CPL 210.35 [5].)
Accordingly, the indictment is dismissed with leave to the People to re-present.