*825 OPINION OF THE COURT
Marc J. Whiten, J.
The defendant, Daven Eastmond, is charged with one count of criminal trespass in the second degree (Penal Law § 140.15), and has filed a motion seeking dismissal for facial insufficiency.
In order to be facially sufficient, an information must substantially conform to the formal requirements of CPL 100.15. Additionally, the factual portion and any accompanying depositions must provide reasonable cause to believe the defendant committed the offense charged, as well as nonhearsay factual allegations of an evidentiary character which, if true, establish every element of the offense charged and defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]).
The requirement of nonhearsay allegations has been described as a “much more demanding standard” than a showing of reasonable cause alone (People v Alejandro, 70 NY2d at 138, quoting 1968 Report of Temp Commn on Rev of Penal Law and Crim Code, Introductory Comments, at xviii); however, it is nevertheless a much lower threshold than the burden of proof beyond a reasonable doubt (People v Henderson, 92 NY2d 677, 680 [1999]; People v Hyde, 302 AD2d 101 [1st Dept 2003]). Thus, “[t]he law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged” (People v Sylla, 7 Misc 3d 8, 10 [2d Dept 2005]). Finally, where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004] ; People v Jacoby, 304 NY 33, 38-40 [1952]; People v Knapp, 152 Misc 368, 370 [1934], affd 242 App Div 811 [1934]; People v Allen, 92 NY2d 378, 385 [1998]; People v Miles, 64 NY2d 731, 732-733 [1984]; People v Shea, 68 Misc 2d 271, 272 [1971]; People v Scott, 8 Misc 3d 428 [Crim Ct, NY County [2005] ).
Defendant was arrested in the lobby of a residential apartment building and charged with a single count of trespassing. The factual portion of the accusatory instrument presently *826 before the court consists of a deposition from the arresting officer, along with a document titled “Managing Agent’s Affidavit.” This affidavit states, in sum and substance, that the building manager has asked the local police precinct to arrest anyone who is not a tenant or guest or invitee of a tenant if they are found trespassing in the building, because “trespassers have come to use the building as a place to buy, as well as use, drugs.” In his supporting deposition, the arresting officer alleges, in sum, that defendant was observed in the lobby of a residential apartment building, in a location beyond both the vestibule and a posted sign bearing the words “No Trespassing” and “Tenants and Their Guests Only.” The officer further alleges that the address provided by defendant as his own was a location other than where he was allegedly trespassing, and that defendant was unable to name any tenant by whom he had been invited into the premises. However, in notice provided to the defendant and the court pursuant to GPL 710.30, the People assert that, at the time of his arrest, defendant stated, “I’m here to visit my friend Jose. Jose lives in apartment 26.”
Defendant argues that the complaint is facially insufficient because the affidavit provided by the managing agent does not specifically state that defendant did not have permission to be in the building to visit his friend, nor does it set forth the names and apartment numbers of the building’s legitimate residents. Further, defendant argues that the supporting deposition from the arresting officer is insufficient to support the charges in that it does not state that the owner or managing agent provided a list of authorized residents for the building in question to the local police precinct for purposes of trespass arrests, nor does the supporting deposition specifically state that defendant did not have permission or authority to be in the building. Lastly, defendant argues that the supporting deposition is inadequate inasmuch it does not state that the person named by defendant as the person by whom he was invited into the building was not a legal resident of the dwelling.
Penal Law § 140.15 states that “[a] person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a dwelling,” and Penal Law § 140.00 (5) states that a person enters or remains unlawfully “when he is not licensed or privileged to do so.” It is well settled that “[i]n general, a person is ‘licensed or privileged’ to enter private premises when he has obtained the consent of the owner or another whose relationship to the premises gives him authority to *827 issue such consent” (People v Graves, 76 NY2d 16, 20 [1990]). When such license or privilege is absent, a person is generally presumed to have entered or remained unlawfully, and the burden of proving this element is on the People (see People v Brown, 25 NY2d 374 [1969]).
Defendant’s first two arguments, both of which are premised upon claimed inadequacies in the managing agent’s affidavit and the arresting officer’s supporting deposition, are unpersuasive. While it is true that the managing agent’s affidavit adds little, if anything, to specific nonhearsay factual allegations in this case, this type of affidavit is not a necessary prerequisite for conversion of a trespass complaint into a facially sufficient information (see People v Taveras, 17 Misc 3d 1119[A], 2007 NY Slip Op 52067[U] [Crim Ct, NY County 2007]); for the purposes of facial sufficiency, this type of affidavit is superfluous.
It is also true that the arresting officer does not allege in his deposition that the owner or managing agent provided a list of the building’s authorized residents to the police; however, this is not a requirement for facial sufficiency, nor does it undermine the facial sufficiency of the remainder of the instrument. In this instance, the officer’s allegations set forth sufficient nonhearsay allegations, in that he alleges that he saw defendant in the lobby of a residential apartment building, beyond both the vestibule and a posted sign stating “No Trespassing” and “Tenants and Their Guests Only,” and defendant was unable to provide the identity of a resident by whom he had been invited in. These allegations, standing alone, are facially sufficient. Defendant’s argument that the officer must also have alleged that he had a list of tenants provided by the managing agent or owner is not only unnecessary for facial sufficiency, it is impractical as a matter of common sense. The number and density of multifamily dwellings in this county, as well as the ensuing frequency of tenant turnover, make it impractical, if not impossible, to expect that police will investigate trespassing violations only when armed with the functional equivalent of the Manhattan telephone directory.
Clearly, whether a person was an unwanted intruder rather than an invited guest is a determination of considerable importance. In assessing whether or not a person has permission or authority to be in a premises, courts frequently consider whether or not a defendant has provided, at the time of arrest, the name or apartment number of a person by whom he or she was invited into a multiple dwelling (see People v Quinones, 2002 NY *828 Slip Op 50091[U] [App Term, 1st Dept 2002]; People v Taveras, 17 Misc 3d 1119[A], 2007 NY Slip Op 52067[U] [Crim Ct, NY County 2007]; People v Outlar, 177 Misc 2d 620 [Crim Ct, NY County 1998]; People v Easton, 16 Misc 3d 1105[A], 2007 NY Slip Op 51292[U] [Crim Ct, NY County 2007]), and whether or not a defendant has done so honestly (see People v Babarcich, 166 AD2d 655 [2d Dept 1990]). If a defendant does not provide a name or apartment number that can be verified on the scene, that fact may provide support for a trespass charge.
In this case, defendant’s facial insufficiency argument makes explicit reference to the fact that the People have made two contradictory assertions on this important issue: the accusatory instrument alleges that defendant was unable to provide the identity of a resident of whom defendant was an invited guest, whereas notice made by the People pursuant to CPL 710.30 indicates that the defendant named the person whom he was there to visit, along with that person’s apartment number. Defendant argues that the accusatory instrument is facially insufficient because it does not specifically state that the person named in the People’s CPL 710.30 notice did not give defendant permission or authority to be in the building.
This raises the question of whether or not the court may consider the contents of this document, which has not been formally offered as a supporting deposition, when assessing the facial sufficiency of the accusatory instrument. In People v Casey (95 NY2d 354 [2000]), the Court of Appeals held that annexing a temporary order of protection to a local criminal court information in order to establish that such an order was in effect is not required to have a facially sufficient information in a prosecution for criminal contempt, but doing so “would have been the far better practice” (id. at 359). Similarly, in People v Henry (167 Misc 2d 1027 [Nassau Dist Ct 1996]), the court held that submitted documents, other than supporting depositions, could be relied upon to support a finding of facial sufficiency of an accusatory instrument, so long as such documents meet one of the exceptions to the rule against hearsay. In Henry, the court found that an order of protection as well as stenographic notes taken by an official court reporter would both be admissible as business records and public documents.* Thus, it is clear that courts may look beyond the four corners of the document— the complaint — itself (see People v Thomas, 4 NY3d 143 [2005]), *829 as well as beyond documents that have been prepared and submitted as supporting depositions.
However, the Casey Court also held that any challenge to the sufficiency of the contempt allegations “was a matter to be raised as an evidentiary defense to the contempt charge, not by insistence that [the] information was jurisdictionally defective without annexation of the order to that accusatory instrument” (95 NY2d at 360). Similarly, in this case, the apparent contradictions between the allegation in the complaint and the assertion in the CPL 710.30 notice, while significant, do not affect the facial sufficiency of the accusatory instrument, nor must they be rebutted in the accusatory instrument. “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (95 NY2d at 360). Inconsistencies between allegations in the complaint and assertions in the CPL 710.30 notice are akin to mistakes or contradictions that may be discovered in police paperwork or other documents disclosed to the defense under People v Rosario (9 NY2d 286 [1961]), which types of inconsistencies may affect the credibility or reliability of the People’s evidence at other stages in a criminal prosecution, but which do not affect the facial sufficiency of the accusatory instrument.
In conclusion, the court finds that the presently challenged trespassing charge is facially sufficient, inasmuch as it gives the defendant notice sufficient to prepare a defense and is adequately detailed to prevent defendant from being tried twice for the same offense. Inconsistencies and contradictions, if any, may be explored and expanded or explained and extinguished at the proper point in the proceedings; this is not that point.

 However, in People v Pierre (157 Misc 2d 812 [Crim Ct, NY County 1993]), the court, relying on People v Ebramha (157 Misc 2d 222 [Crim Ct, NY County *829 1993]), held that while business records may be relied upon to make out an element of an offense,
“the complaint must contain allegations laying a foundation for the admission of the records relied upon . . . and where the truth of the contents of the business record is necessary to establish an element of an offense, a certified copy of the record itself must be filed as a supporting deposition” (id. at 815).