OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
Nothing makes a little kid smile more than being handed a balloon. However, in this case of first impression, this court holds that helium is also a noxious material under section 270.05 of the Penal Law and denies the defendants’ motion to dismiss.
The defendants were charged with unlawfully possessing or selling noxious material (Penal Law § 270.05). The defendants moved the court for an order inter alia: dismissing the accusatory instrument for facial insufficiency; and dismissing the accusatory instrument in the furtherance of justice. The motion for facial insufficiency was denied on the record on February 18, 2010. This is a written confirmation of that decision.
Facial Sufficiency
An accusatory instrument upon which a defendant may be held for trial “must allege Tacts of an evidentiary character’ (CPL 100.15 [3]) demonstrating ‘reasonable cause’ to believe the defendant committed the crime charged (CPL 100.40 [4] [b]).” (People v Dumas, 68 NY2d 729, 731 [1986].) Further, a valid criminal court information must contain nonhearsay factual allegations which, if true, “establish . . . every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c].)
The within accusatory instrument states that on December 3, 2009, at about 8:15 p.m. in New York County:
“Deponent . . . observed defendants Cunningham, *1137 Givenni and Clark filling balloons with helium from four large helium tanks. Deponent further states that defendants Cunningham, Givenni and Clark exchange [sic] said filled balloons for United States currency to unapprehended individuals. Deponent further states that said unapprehended individuals, thereafter, inhaled the contents of said balloon.
“Deponent further states that deponent has examined the above-described canister and believes said canister contains a noxious material, based upon information and belief, the source of which is as follows: (i) deponent’s professional training and experience as a police officer in the identification of noxious materials, and (ii) observation of the packaging which is characteristic of a noxious material.”
Unlawfully Possessing or Selling Noxious Material (Penal Law § 270.05 [2])
“Noxious material” is defined as “any container which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors, or capable of immobilizing a person.” (Penal Law § 270.05 [1].)
A violation of Penal Law § 270.05 (2) occurs when a person “possesses such material under circumstances evincing an intent to use it or to cause it to be used to inflict physical injury upon or to cause annoyance to a person, or to damage property of another, or to disturb the public peace.”
“Possession of noxious material is presumptive evidence of intent to use it or cause it to be used in violation of this section.” (Penal Law § 270.05 [3].)
The charge of unlawfully possessing or selling noxious material is facially sufficient. It was clearly the legislative intent in enacting Penal Law § 270.05 to prohibit the possession of “certain chemical sprays which temporarily immobilize a person.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 33, Penal Law § 270.05, at 14 [2008 ed].)
“Some of these products — sold under a variety of brand names — are essentially pressurized cans containing a solution of chloroacetophenone (tear gas). They are capable of causing temporary loss of vision and breath, a feeling of suffocation, and considerable discomfort. They can incapacitate a person in several seconds, and render him or her *1138 powerless for fifteen to thirty minutes.” (Id.)
It is clear that the statute is aimed at proscribing “the possession of such noxious materials as stench and tear gas bombs, substances which are designed and calculated to ‘inflict physical injury upon or to cause annoyance to a person, or to damage property of another, or to disturb the public peace.’ ” (Matter of John M, 65 Misc 2d 609, 611 [Fam Ct, Queens County 1971].) However, aside from the legislative intent, other substances still can fall within the ambit of Penal Law § 270.05.
Helium is defined as a colorless, odorless, tasteless, nontoxic, inert monatomic gas that heads the noble gas group in the periodic table. (See Wikipedia, The Free Encyclopedia, Helium, available at http://en.wikipedia.org/wiki/Helium.) Although “neutral helium at standard conditions” should not pose a health risk, excessive inhalation of the gas can cause asphyxiation. (See New World Encyclopedia, Helium, available at http:// newworldencyclopedia.org/entry/Helium.)
People will sometimes inhale helium in order to temporarily make their voices sound high-pitched. “Although this effect may be amusing, it can be dangerous if done in excess.” (Id.) This is “because the helium displaces oxygen needed for normal respiration.” (Id.) “Inhaling helium directly from pressurized cylinders is extremely dangerous, as the high flow rate can result in barotrauma, fatally rupturing lung tissue.” (Wikipedia, The Free Encyclopedia, Helium, available at http:// en.wikipedia.org/wiki/Helium.) Additionally, “[o]n loss of containment this gas can cause suffocation by lowering the oxygen content of the air in confined areas.” (See Lenntech, Water Treatment Solutions, Helium, available at http:// www.lenntech.com/periodic/elements/he.htm.)
As such, even though the legislature may not have intended to include helium within the parameters of Penal Law § 270.05, helium can be considered a noxious material. It is capable of generating noxious or suffocating fumes and it can immobilize a person upon excessive inhalation.
Although the defendants may not have intended to use the helium to inflict physical injury or cause annoyance to a person or to damage property of another or to disturb the public peace, possession of noxious material is presumptive evidence of intent to use it in violation of the statute. (Penal Law § 270.05 [3].) The statutory presumption “establishes a prima facie case against the defendant, which he may rebut at trial by offering evidence to the contrary.” (People v Hayes, 11 Misc 3d 1084[A], *1139 2006 NY Slip Op 50697[U], *2 [Crim Ct, NY County 2006] [citation omitted].)
Accordingly, the factual allegations are sufficient, at the pleading stage, to support the charge of unlawfully possessing or selling noxious material (Penal Law § 270.05 [2]).’
The defendants’ motion to dismiss the accusatory instrument for facial insufficiency is denied.
Furtherance of Justice
The defendants also moved for dismissal in the furtherance of justice. For the following reasons, the motion to dismiss in the furtherance of justice is denied.
Even where there is no basis for dismissal of a criminal action as a matter of law, the court, as a matter of judicial discretion, may dismiss the action in the furtherance of justice and fairness (People v Clayton, 41 AD2d 204, 207-208 [2d Dept 1973]; GPL 170.40 [1]). The use of this extraordinary remedy depends solely upon the justice to be served by dismissal, rather than the legal or factual merits of the prosecution or the guilt or innocence of the defendant (People v Clayton at 206; People v Cohen, 112 Misc 2d 377, 380 [Crim Ct, Kings County 1981]). A Clayton motion should be granted only in those unusual instances where a defendant has demonstrated by a preponderance of the credible evidence that a compelling reason exists to warrant dismissal in the interest of justice. Where the defendant does not meet this burden, the court may summarily deny the motion (People v Schlessel, 104 AD2d 501, 502 [2d Dept 1984]). The court, to the extent applicable, must examine and consider individually and collectively the merits of the instant defendants’ application in light of the factors enumerated in GPL 170.40 (1) (a) through (j), and weigh the respective interests of the defendants, the complainant and the community at large (People v Richert, 58 NY2d 122, 127 [1983]; People v Belkota, 50 AD2d 118, 120 [4th Dept 1975]).
The court’s application of the factors set forth in GPL 170.40 (1) (a) through (j) is as follows:
*1140 (a) Seriousness of the Offense
It is self-evident that the offense charged is inherently serious.
(b) Extent of Harm Caused by the Defendants
Although any harm that could have occurred from the possession of the helium was thwarted by police action, extreme harm could have resulted from the excessive inhalation of such gas.
(c) Evidence of Guilt
Sufficient evidence exists to form a strong case against the defendants. The defendants were observed by the police to be selling the helium to individuals who inhaled the substance.
(d) History, Character and Condition of the Defendants
The defendants have failed to provide any personal background factors for the court to consider.
(e) Exceptionally Serious Misconduct of Law Enforcement Personnel
The defense has not alleged that there was any serious misconduct by law enforcement personnel.
(f) The Purpose and Effect of Imposing a Sentence Authorized for the Offense upon the Defendants
Among the purposes of imposing a sentence upon a defendant who is convicted of a crime is deterrence. The deterrence is aimed at the defendants and at the public at large. In the event that a dismissal is granted, the defendants, or any other person, may think it acceptable to possess noxious materials for the purpose of inflicting physical injury, causing annoyance to a person, damaging the property of another or disturbing the peace. The effect of imposing a sentence is to inform the public that the conduct allegedly engaged in by the defendants will not be tolerated.
(g) The Impact of Dismissal on the Safety or Welfare of the Community
The safety and welfare of the community will be affected by a dismissal of the charges. As noted above, without punishment, others may disregard the importance of the laws prohibiting the unlawful possession of noxious material for the purpose of using it to inflict physical injury, or to cause annoyance to a person, or to damage property of another or to disturb the public peace.
*1141 (h) The Impact of Dismissal upon the Confidence of the Public in the Criminal Justice System
A dismissal of these charges would cause the public to lose confidence in the criminal justice system. The public would view the system as unconcerned or cavalier about the possession of noxious materials.
(i) Attitude of the Victim with Respect to the Motion
The victims are society, in. general, because of the problems that can occur as a result of the possession of noxious materials. Society does not look favorably on the unlawful possession of noxious materials.
After full consideration of the relevant criteria, the court does not find any compelling factor, consideration or circumstance that clearly demonstrates that conviction or prosecution of the defendants would result in an injustice. It would, therefore, be an inappropriate exercise of the court to dismiss the accusatory instrument in the furtherance of justice.
The defendants’ motion to dismiss in the furtherance of justice is, therefore, denied.

 The court is aware of the holdings in People v Gunatilaka (156 Misc 2d 958, 961 [Crim Ct, NY County 1993]) and People v Parker (NYLJ, June 7, 1996, at 34, col 2 [Crim Ct, Bronx County]) that in order for an accusatory instrument to be facially sufficient, a laboratory report is necessary to demonstrate the existence of a noxious material in the containers. It would seem that in light of People v Kalin (12 NY3d 225 [2009]), a laboratory report is unnecessary.