The People of the State of New York, Respondent, against
against
Valerie Porter, Appellant. Lower Court # 2013KN053298 The People of the State of New York, Respondent, Paul Oliver, Appellant. Lower Court # 2013KN053308




Jonathan Savella, Esq., for appellant.
District Attorney Kings County (Leonard Joblove and Howard B. Goodman of counsel), for respondent.
Separate
 appeals from judgments of the Criminal Court of the City of New York, Kings County (Eileen Koretz, J.H.O.), rendered May 5, 2015. The judgments, after a joint nonjury trial of the above-entitled criminal actions, convicted defendant Valerie Porter (appeal No. 2015-1461 K CR) and defendant Paul Oliver (appeal No. 2015-1462 K CR), respectively, of criminal trespass in the third degree, attempted criminal trespass in the second degree, and trespass.




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that in each of the above-entitled appeals, the judgment of conviction is modified by vacating the conviction of criminal trespass in the third degree and dismissing the count of the accusatory instrument charging that offense; as so modified, each of the judgments of conviction is affirmed.
On July 15, 2013, the People charged defendants, in separate criminal complaints, later converted to informations, with criminal trespass in the second degree (Penal Law § 140.15 [1]), criminal trespass in the third degree (Penal Law § 140.10 [a]), and trespass (Penal Law § 140.05), alleging that, on May 29, 2013, defendants were discovered occupying a single family residential premises at 126 Hancock Street in Brooklyn, New York, without the permission of Casey Schear, who identified himself to the arresting officer as the premises' "custodian." After the charges of criminal trespass in the second degree against both defendants had been reduced to attempted criminal trespass in the second degree (Penal Law §§ 110.00, 140.15 [1]), the People filed a [*2]prosecutor's information charging both defendants with the offenses, as reduced. At a joint nonjury trial, the People's proof included the testimonies of Casey Schear and Sam Stern as to their joint and exclusive partnership in Kapase, LLC, the owner of 126 Hancock Street, and records of a summary holdover proceeding, brought by the corporation against certain named occupants and "John Doe" and "Jane Doe," which had resulted in a final judgment of possession and a warrant of eviction as to all occupants. The warrant was executed on April 25, 2013, evicting the named occupants and defendants, who occupied the third floor. The partners were present during the eviction process and arranged for the removal of the possessions which the occupants elected to leave behind. On May 29, 2013, Mr. Schear arrived at the premises to remove those possessions and discovered that defendants had re-entered the premises and had resumed their occupancy of the third floor. When defendants refused to vacate, the police were summoned, and Mr. Stern, notified of defendants' presence, responded to the scene with documentation as to the holdover summary proceeding, the executed warrant of eviction, and ownership of the premises. Mr. Schear informed the officers that he was the custodian of the premises and had not granted defendants permission to enter or remain therein. Upon being satisfied as to the premises' ownership and of defendants' illegal occupancy, the officers arrested defendants. Defendants were convicted of the offenses, and they separately appeal.
As the People properly concede, the facts alleged in the underlying informations, to which the prosecutor's information is limited (see CPL 100.50 [2]; People v Thomas, 4 NY3d 143, 146 [2005]), are insufficient to support the element of criminal trespass in the third degree that the premises be "fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a]). Consequently, the convictions therefor are vacated and the count of the prosecutor's information alleging that offense is dismissed as to each defendant (see e.g. People v Moore, 5 NY3d 725, 727 [2005]; People v O'Leary, 41 Misc 3d 144[A], 2013 NY Slip Op 52060[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Rosano, 25 Misc 3d 129[A], 2009 NY Slip Op 52110[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v O'Connor, 22 Misc 3d 140[A], 2009 NY Slip Op 50395[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
Defendants' contention, that the remaining counts of the prosecutor's information are facially defective because absent therefrom are facts establishing Mr. Schear's status as the premises' "custodian," lacks merit. A person is "licensed or privileged to enter [or remain in] private premises when he [or she] has obtained the consent of the owner or another whose relationship to the premises gives him [or her] authority to issue such consent" (People v Graves, 76 NY2d 16, 20 [1990]; see Penal Law § 140.00 [5]). The term "custodian" is commonly employed to denote someone who, by virtue of ownership or some other relationship to the premises, is authorized to permit or exclude persons from entering or remaining therein (see e.g. People v Watson, 47 Misc 3d 136[A], 2015 NY Slip Op 50500[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Eastmond, 19 Misc 3d 824, 827 [Crim Ct, NY County 2008]). Although the underlying informations did not state facts establishing the basis for the allegation that Mr. Schear was the custodian of 126 Hancock Street, it was not necessary that they do so. In People v Henry O. (47 Misc 3d 136[A], 2015 NY Slip Op 50502[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), this court rejected the defendant's contention that "the accusatory instrument and/or supporting deposition must also have contained [*3]allegations regarding the relationship between the employer of the building's director of security and the owner of the building to establish that the director of security was the custodian of the building," and concluded that such allegations are " not only unnecessary for facial sufficiency, they are impractical as a matter of common sense' " (quoting People v Eastmond, 19 Misc 3d at 827; see also People v Watson, 47 Misc 3d 136[A], 2015 NY Slip Op 50500[U], *1). Thus, Mr. Schear's claims that he is the custodian of the premises and had refused defendants permission to enter or remain in the premises stated facts, not legal conclusions, and sufficed to demonstrate that a legally sufficient case could be made against defendants (see People v Dumay, 23 NY3d 518, 522 [2014]). "[A]s a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]; see also People v Casey, 95 NY2d 354 360 [2002]), the facts alleged in the accusatory instrument satisfied the reasonable cause standard (see CPL 100.40 [1] [b]), provided defendant with notice sufficient to prepare a defense and were adequately detailed to prevent defendant from being tried twice for the same offense (see People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354 at 360).
We also find that there was legally sufficient evidence at trial of defendants' intent to commit attempted criminal trespass in the second degree and trespass. Viewed in the light most favorable to the People (People v Contes, 60 NY2d 620, 621 [1983]), and " indulging in all reasonable inferences in the[ir] . . . favor' " (People v Curko, 34 Misc 3d 159[A], 2012 NY Slip Op 50444[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012], quoting People v Ford, 66 NY2d 428, 437 [1985]), we find that the testimonies by the owners of Kapase, LLC that defendants had been informed that they were no longer permitted to occupy the premises, and the undisputed proof that defendants had been evicted by the marshal and that they had thereafter simply re-occupied the premises without the owners' permission, permits an inference that they knowingly trespassed lacking an honest belief that they were entitled to re-enter the premises after having been evicted therefrom (see People v Basch, 36 NY2d 154, 159 [1975]).
Defendants' challenges to the propriety of the prior Civil Court proceedings—
resulting in a final judgment of possession in the owners' favor, a warrant of eviction directed at all occupants of the premises, whether named or identified as "John Doe" and "Jane Doe" respondents, and defendants' subsequent eviction—are not properly before us (see People v Kearns, 95 NY2d 816, 819 [2000]; Matter of Juan C. v Cortines, 89 NY2d 659, 666 [1997]; People v Fagan, 66 NY2d 815, 816 [1985]; see also 125 Court Street, LLC v Nicholson, 52 Misc 3d 144[A], 2016 NY Slip Op 51281[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; 100 Queens Blvd. Assoc., LLC v G & C Coffee Shop, 15 Misc 3d 141[A], 2007 NY Slip Op 51073[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Accordingly, each of the judgments of conviction is modified by vacating the conviction of criminal trespass in the third degree and dismissing the count of the accusatory instrument charging that offense.
Solomon, J.P., Pesce and Elliot, JJ., concur.
Decision Date: May 19, 2017