OPINION OF THE COURT
David Frey, J.
The defendant is charged with one count each of unlawfully possessing or selling noxious material (Penal Law § 270.05 [2]) *546 and harassment in the second degree (Penal Law § 240.26 [1]). The People served and filed a supporting deposition on June 8, 2017. The defendant, in an omnibus motion dated June 22, 2017, seeks: (1) to dismiss the information as facially insufficient pursuant to CPL 710.20 (1) and 170.30, (2) a Huntley/ Dunaway hearing, (3) a Wade hearing, (4) an order to compel a bill of particulars and discovery, (5) Sandoval and Molineux hearings, (6) preservation of evidence, and (7) reservation of rights. The People filed their motion response, a voluntary disclosure form (VDF), and a cross motion for reciprocal discovery on July 28, 2017.
The defendant’s omnibus motion is decided as follows:
Facial Sufficiency
Criminal Procedure Law § 100.40 (1) states that an information is sufficient on its face when it substantially conforms with CPL 100.15; the allegations provide reasonable cause to believe that the defendant committed the offense charged; and the nonhearsay allegations in conjunction with any supporting deposition establish, if true, every element of the offenses charged and the defendant’s commission thereof. “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
Penal Law § 270.05 (2) provides that
“[a] person is guilty of unlawfully possessing noxious material when he possesses such material under circumstances evincing an intent to use it or to cause it to be used to inflict physical injury upon or to cause annoyance to a person, or to damage property of another, or to disturb the public peace.”
“Noxious material” is defined as “any container which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors, or capable of immobilizing a person” (Penal Law § 270.05 [1]).
In the misdemeanor complaint, the police officer alleged that
“Ms. Pichardo informed me she . . . observed the defendant throw a plastic bag toward her that landed in the entrance to the apartment near her. I am further informed by Ms. Pichardo that she *547 observed a firm object inside the bag and a strong odor emanating from the bag consistent with fecal matter. I am further informed by Ms. Pichardo that defendant’s above described actions caused her to feel alarmed and annoyed.”
Ms. Pichardo’s supporting deposition confirmed this account.
The defendant contests the information’s facial sufficiency, contending that fecal matter is not a noxious material, and the instrument is not converted without an expert opinion or a laboratory report.
1. Is feces a “noxious material” under Penal Law § 270.05?
The defendant contends that the information is facially insufficient, claiming fecal matter is not a noxious material pursuant to “Penal Law 270.05 (2), or relevant case law,” and relies mainly on William C. Donnino’s Practice Commentary in McKinney’s Consolidated Laws of NY, Penal Law § 270.05 for this conclusion (defendant’s affirmation at 6, ¶[ 10). The People contend that a plastic bag is a container, and that feces is a noxious material due to its offensive fumes, vapors, and gases. This court has not found any case law on point.
But, when a statute’s language is clear, it is not necessary for a court to examine extrinsic evidence to divine the legislature’s intent. (E.g. New York State Bankers Assn. v Albright, 38 NY2d 430 [1975]; Sega v State of New York, 60 NY2d 183, 191 [1983] [“legislative intent . . . should not be confused with legislative history”]; People v Graham, 55 NY2d 144, 151 [1982] [“When the Legislature enacted the statutes and when the Governor signed them into law, they stood for what their words manifested and not the inner thoughts of a draftsman or adviser. . . . (A) legal act ‘originates in intention [and] is perfected by expression’ ”].) Here the statutory language defines a noxious material as any container, which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors, or capable of immobilizing a person (Penal Law § 270.05 [1]).
A “container” is “a receptacle for holding or carrying material” (Webster’s II New Riverside University Dictionary [1984]). “Offensive” is defined as “disagreeable to the senses” (id.). “Noxious” means “injurious to physical health” (id.). The defendant prefers to focus solely on the “capable of immobilizing a person” language, but doing so vitiates the preceding words in the statute. In fact, the “or capable of immobilizing a person” language was not added to this statute until 1969 (L 1969, ch 452, § 2). *548 The preceding portion—“any container which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors”—was enacted in 1933.* Certainly if the legislature wanted to remove this language and define noxious materials solely as substances that are capable of immobilizing a person, they could have done so at any time in the last 84 years.
The court takes notice—as would anyone who has ever visited a zoo or a farm, or used a porta-potty at any sporting arena or public park—that feces can generate offensive, noxious—and sometimes even suffocating—fumes, gases, and vapors. A plastic bag containing feces qualifies as a noxious material under Penal Law § 270.05 (1).
2. Are the People required to submit a laboratory analysis report to convert the complaint to an information?
The defendant contends that the People can only convert a complaint charging the noxious materials element in one of three ways: “(1) professional training and experience as a police officer in the identification of noxious materials, (2) an observation of packaging characteristic of noxious materials, or (3) a lab report” (defendant’s affirmation at 7, ¶ 14). The defendant cites People v Givenni (27 Misc 3d 1135 [Crim Ct, NY County 2010]) and People v Gunatilaka (156 Misc 2d 958 [Crim Ct, NY County 1993]) to support this proposition. In Givenni, the substance in question was helium. In Gunatilaka, it was tear gas. But, most laypeople have no experience with helium or tear gas; therefore, professional expertise was a reasonable requirement to verify that they were noxious materials in those cases. Here the noxious material is feces. Every human encounters feces due to their own biological functions. New York courts have long held that evidence within the general public’s common knowledge does not require an expert witness’s opinion to be admissible (Dougherty v Milliken, 163 NY 527, 533 [1900] [holding expert witness testimony only admissible where the conclusions to be drawn are dependent on facts not of common knowledge]; People v Leonard, 8 NY2d 60, 61-62 [1960] [holding the taste of a rye and ginger ale was so commonly understood that the testimony of an underage patron was sufficient to establish a prima facie case against the defendant bartender]). In fact, even with controlled sub *549 stances and marihuana, a police officer’s experience and training can substitute for a laboratory report to convert a complaint (People v Kalin, 12 NY3d 225, 231 [2009]).
For these reasons the sworn complaint of the police officer and Ms. Pichardo’s supporting deposition are sufficient to establish the substance in the plastic bag thrown by the defendant contained feces for pleading purposes.
In sum, the requirements of CPL 100.40 (1) and Casey are satisfied. The defendant’s motion to dismiss the charges for lack of facial sufficiency is denied.
Huntley/Dunaway Motion
The defendant’s motion for a Huntley /Dunaway hearing, to which the People consented, is granted.
Wade Hearing
The People did not give CPL 710.30 (1) (b) notice at arraignment nor, to the court’s knowledge, at any other time. The People are precluded from using any identification evidence except for good cause shown (CPL 710.30 [2]).
Bill of Particulars
The People provided the defendant a VDF, which fully discloses the charges against the defendant and their factual basis. Everything CPL 200.95 (1) (a) requires a bill of particulars to include is included in the People’s VDF. Thus, defendant’s motion for a bill of particulars is denied.
Discovery
The People have indicated in their VDF that they will be utilizing tapes or electronic recordings as evidence in this matter. The defense counsel and the People are directed to schedule a date convenient to both parties to listen to or copy the recordings (CPL 240.20 [1] [g]). The defendant’s motion for discovery is otherwise denied.
Sandoval and Ventimiglia Motions
The defendant’s motion for a Sandoval hearing is granted and referred to the trial court (CPL 240.43). Likewise, the defendant’s motion for a Ventimiglia (Molineux) hearing to preclude evidence of the defendant’s prior uncharged criminal, vicious, or immoral conduct is also granted and referred to the trial court. The People are ordered to give notice to the defend *550 ant and the trial court of their proposed Molineux evidence at least three days prior to the scheduled trial date, excluding Saturdays, Sundays, and holidays (CPL 240.43).
Preservation of Audio Recordings
The People have indicated in their VDF that they will not be utilizing any tapes or electronic recordings as evidence in this matter. The defendant’s motion is denied.
Reservation Clause
The defendant’s motion to file further pretrial motions is granted to the extent they are based on new facts or law that the “defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised” within 45 days after defendant’s arraignment and before trial (CPL 255.20 [3]).
Continuing Disclosure Duty
The People must comply with their duty to disclose evidence, including potentially exculpatory evidence, to the defendant as required by CPL 240.20 (2), 240.60, and Brady v Maryland (373 US 83 [1963]).
Reciprocal Discovery
The People’s request for reciprocal discovery under CPL 250.20 and 240.30 (1) is granted as follows:
(1) Eight days having passed since the People’s demand for alibi notice, the defendant is precluded from offering evidence that he was at some place other than inside 264 10th Avenue in Manhattan at the time of the alleged incident, unless the defendant can show good cause for the delay (CPL 250.20 [1]).
(2) The defendant shall disclose and make available, subject to constitutional limitation, all CPL 240.30 (1) and (2) discovery materials.
(3) As more than 30 days have passed since the defendant’s arraignment, the defendant is precluded from offering psychiatric evidence, unless the defendant can show good cause for the delay (CPL 250.10 [2]).

 The former Penal Law § 726 became Penal Law § 270.05 in 1965 (L 1965, ch 1030).