OPINION OF THE COURT
 

 Levine, J.
 

 Defendant appeals, leave having been granted by a Judge of this Court, from the portion of an order of the Appellate Term affirming his conviction of the misdemeanor crime of criminal contempt in the second degree. Defendant was convicted of violating a Temporary Order of Protection issued by the Nassau County District Court on August 15, 1996. The order was made in connection with a harassment charge filed against defendant; that charge was still pending when the contempt allegedly occurred during the evening of December 2, 1996.
 

 A Nassau County Police Department detective was assigned to investigate the complainant’s report of the violation of the Temporary Order of Protection. The evidence at both the suppression hearing and the trial was that the detective initially verified the existence of the order from police department records. He then interviewed the complainant, at which time she showed him a certified copy of the order. The detective took a signed deposition from the complainant and left word at defendant’s residence to call him at police headquarters. When defendant called, the detective had him verify that he was the person served in court with the order. They agreed that defendant would surrender on December 9 rather than be arrested that evening. When defendant appeared at headquarters, he was advised of his
 
 Miranda
 
 rights and questioned concerning his conduct during the evening of December 2. He gave oral and written statements impliedly admitting the acts alleged to have violated the order.
 

 Defendant’s motion to suppress his statements to the police was denied. Thereafter, a jury convicted him of, among other things, criminal contempt. The Appellate Term affirmed the criminal contempt conviction, rejecting defendant’s arguments that the District Court information was jurisdictionally defective and that his statements to the police were inadmissible (181 Misc 2d 744).
 

 I
 

 Defendant’s primary point, raised for the first time before the Appellate Term, is that the District Court information charging him with criminal contempt was jurisdictionally
 
 *359
 
 defective in three respects: (1) the Temporary Order of Protection was not attached to the information, and the accusatory instrument did not otherwise allege that the order was in effect on the date the contempt was committed; (2) the Temporary Order of Protection itself was, by its terms, not in effect on that date; and (3) the information did not contain non-hearsay allegations of defendant’s knowledge of the order. The Appellate Term held that the failure to annex the Temporary Order of Protection to the information “render [ed] it defective as an
 
 information
 
 because of its hearsay nature” (181 Misc 2d, at 745 [emphasis supplied]). Nevertheless, the court held that since the instrument would have “qualifie[d] as a misdemeanor complaint,” defendant, by waiving the reading of his procedural rights and proceeding to trial, also waived the right to be prosecuted by information
 
 (id.,
 
 at 745 [citing
 
 People v Connor,
 
 63 NY2d 11];
 
 see,
 
 CPL 170.10 [4] [d]).
 

 While we hold that defendant’s challenge to the information does not warrant reversal, we cannot agree with the Appellate Term’s rationale for that result. The record suggests that defendant waived only a reading of the information (previously furnished to his attorney), not a reading of his procedural right to be prosecuted by information. Thus, there is an insufficient evidentiary basis for any finding of a knowing and intelligent (albeit implied) waiver of the right to be prosecuted upon an information
 
 (see, People v Weinberg,
 
 34 NY2d 429, 431;
 
 cf., People v Connor, supra).
 

 Moreover, as the Appellate Term acknowledged, the accusatory instrument here was denominated, and purported to be, a misdemeanor information with a supporting deposition, not a misdemeanor complaint. That the instrument would have
 
 qualified
 
 as a misdemeanor complaint did not make it one. Since the accusatory instrument here was in fact a local criminal court information, and not a misdemeanor complaint, the District Court would not have had the statutory obligation to inform defendant that he “may not be prosecuted [on a misdemeanor complaint] * * * unless he consents” (CPL 170.10 [4] [d]). Therefore, in contrast to
 
 People v Connor,
 
 no waiver of the right to be tried upon a statutorily valid information can be implied from defendant’s silence and proceeding to trial.
 

 Nonetheless, defendant’s contentions regarding the defectiveness of the information do not require reversal. Although annexing the Temporary Order of Protection to the information would have been the far better practice, and would have largely obviated defendant’s procedural challenge here,
 
 *360
 
 the failure to annex it does not require reversal under the particular circumstances of this case. The procedural requirements for the factual portion of a local criminal court information are, simply: that it state “facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3];
 
 see,
 
 CPL 100.40 [1] [a]); that the “allegations of the factual part * * * together with those of any supporting depositions * * * provide reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]); and that the “[n]on-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c];
 
 see,
 
 CPL 100.15 [3]).
 

 So long as the factual allegations of an information give an accused notice sufficient to prepare a defense arid are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading
 
 (see, People v Jacoby,
 
 304 NY 33, 38-40;
 
 People v Knapp,
 
 152 Misc 368, 370,
 
 affd
 
 242 App Div 811;
 
 People v Shea,
 
 68 Misc 2d 271, 272;
 
 see also, People v Allen,
 
 92 NY2d 378, 385;
 
 People v Miles,
 
 64 NY2d 731, 732-733). As to defendant’s objection that, without attachment of the Temporary Order of Protection, the accusatory instrument here failed to include any non-hearsay allegation that the Temporary Order of Protection was outstanding and in effect on the December 2 date of the alleged offense, the complainant’s supporting deposition states clearly and succinctly that a Temporary Order of Protection had been issued, prohibiting defendant from engaging in harassing or criminal conduct against her. She also averred that she personally observed specifically described conduct of the defendant on December 2 that violated the order. At the very least, the fair implication of these averments established her firsthand knowledge that the order had been granted, was in effect and was violated by defendant’s harassing dr criminal conduct on the date of the offense. Any challenge to those allegations, including whether the order was in effect on the date of the contumacious conduct, was a matter to be raised as an evidentiary defense to the contempt charge, not by insistence that this information was jurisdictionally defective without annexation of the order to that accusatory instrument. Defendant’s failure to raise an issue before the District Court as to whether the order was in effect when the offense allegedly occurred thus precludes its consideration here.
 

 
 *361
 
 II
 

 Defendant’s final objection to the sufficiency of the information is that it is jurisdictionally defective under CPL 100.40 (1) (c) in failing to set forth any non-hearsay allegation of defendant’s knowledge of the Temporary Order of Protection. Whether the allegation of an element of an offense is hearsay, rendering the information defective, is to be determined on a facial reading of the accusatory instrument
 
 (see, Matter of Edward B.,
 
 80 NY2d 458, 462-464 [construing Family Ct Act § 311.2 (3), the virtually identical juvenile delinquency counterpart to CPL 100.40 (1) (c)] [citing Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.40, at 255]).
 

 Moreover, a non-hearsay requirement is met so long as the allegation would be admissible under some hearsay rule exception
 
 (see,
 
 Marks
 
 et al.,
 
 New York Pretrial Criminal Procedure § 3.7, at 109 [7 West’s NY Prac Series 1996];
 
 see also, People v Belcher,
 
 302 NY 529, 534-535).
 

 Here, the detective averred in the factual portion of the information that he was “advised by the complainant” that defendant had violated the Temporary Order of Protection, and specifically described the conduct constituting the offense, referring to the complainant’s supporting deposition. The information then alleges “[t]he defendant was advised and served a copy of the Order of Protection in court on 8-15-96.” It is not clear from a
 
 facial examination
 
 of the information whether that allegation relating to defendant’s knowledge of the order was based only upon the complainant’s advice (she did not aver this in the supporting deposition, however), or whether it was based upon the detective’s direct knowledge or some exception to the hearsay rule, either of which would have satisfied CPL 100.40 (1) (c). Thus, because it cannot be determined upon the face of the information whether the pleading is in compliance with CPL 100.40 (1) (c), the information is subject to a motion to dismiss
 
 (see, Matter of Rodney J.,
 
 83 NY2d 503, 507). Had the motion been made, however, we know from the record of the suppression hearing and trial that the defect was readily curable.
 

 The detective’s allegation that defendant was served with the order of protection was admissible under at least two hearsay rule exceptions. First, the complainant had shown him a certified copy of the order, containing defendant’s signed acknowledgment of receipt of service, which the clerk of the
 
 *362
 
 court was required to effect
 
 (see,
 
 CPL 530.13 [6]). That certified copy of the order would have been admissible to prove service on defendant under the statutory or common-law public documents (or official entry) exception to the hearsay rule
 
 (see,
 
 CPL 60.10; CPLR 4520;
 
 Broun v Equitable Life Assur. Socy.,
 
 69 NY2d 675;
 
 People v Nisonoff,
 
 293 NY 597, 602; Prince, Richardson on Evidence § 8-1101, at 688-690 [Farrell 11th ed]; Fisch, New York Evidence § 953, at 549-552 [2d ed]). Also, defendant admitted to the detective, in their initial conversation over the telephone, that he had been served with the order. That, too, provided a hearsay rule exception for the admissibility of the allegation of service of the order on defendant
 
 (see,
 
 Prince, Richardson on Evidence §§ 8-202, 8-204, at 510-511 [Farrell 11th ed]).
 

 The issue thus comes down to whether defendant’s failure to raise the absence of an unequivocal non-hearsay allegation of defendant’s physical receipt of the Temporary Order of Protection by a timely pretrial motion precludes consideration of that defect for the first time on appeal. This in turn requires us to revisit our decision in
 
 People v Alejandro
 
 (70 NY2d 133). Defendant urges that
 
 Alejandro
 
 requires reversal here despite the absence of pretrial objection to any pleading deficiency. Defendant points out that in
 
 Alejandro
 
 we did not differentiate for “jurisdictional” purposes between the two “prima facie” requirements of CPL 100.40 (1) (c) — that first, there must be factual allegations establishing every element of the offense and second, those allegations must be “non-hearsay”
 
 (see, id.,
 
 70 NY2d, at 137).
 

 The
 
 Alejandro
 
 case itself, however, actually involved a failure to satisfy the first requirement of CPL 100.40 (1) (c), in that there was a total absence of pleading of one of the elements of the crime of Resisting Arrest, i.e., that the defendant had resisted an “authorized” arrest (Penal Law § 205.30 [emphasis supplied];
 
 People v Alejandro, supra,
 
 at 135-136). Therefore,
 
 Alejandro’s
 
 suggestion that the second, non-hearsay requirement of CPL 100.40 (1) (c) was “jurisdictional” and, thus, non-waivable and reviewable on appeal without preservation was not essential to the Court’s holding.
 

 Ill
 

 Now squarely confronted with the issue whether a hearsay pleading violation of CPL 100.40 (1) (c) is jurisdictional and non-waivable, we conclude that it is not. That conclusion is based on three grounds. First, such a holding would be at
 
 *363
 
 variance with our settled pre-CPL accusatory instrument jurisprudence. Pre-CPL case law also required non-hearsay criminal pleadings but any hearsay defect was waived by a failure to raise the issue in a pre-trial motion. Second, there is no evidence of any legislative purpose — in enacting the pleading provisions of the Criminal Procedure Law in general, or specifically in enacting CPL 100.40 (1) (c) — to change and make more restrictive the criminal pleading requirements established in our earlier decisions. Actually, the opposite purpose is evident. Third, deeming hearsay allegation defects in local criminal court informations jurisdictional and non-waivable would be inconsistent with the general principles governing the narrow instances where this Court has departed from the requirement that errors in criminal proceedings have to be preserved at the trial court in order to be reviewable as an issue of law.
 

 A.
 

 Well before enactment of the Criminal Procedure Law, this Court had incrementally developed a clear set of rules governing both criminal pleading requirements and whether violation of those requirements required preservation.
 

 We earlier held that “a fundamental * * * basic principle of justice and fair dealing”
 
 (People v Zambounis,
 
 251 NY 94, 97) requires that an accusatory instrument factually describe the elements of the crime and the particular acts of the defendant constituting its commission. That was deemed necessary to give an accused fair notice and prevent double jeopardy
 
 (see, id.,
 
 at 96). We also determined that this requirement, of constitutional dimension, is not waivable
 
 (see, People v Scott,
 
 3 NY2d 148, 152 [“However, objections to the jurisdiction of the court are not waived,
 
 nor is the objection that the information does not state a crime”]
 
 [emphasis supplied]).
 

 Additionally, well before the enactment of the Criminal Procedure Law, this Court developed rules that criminal informations should be based upon non-hearsay allegations, just as now required under CPL 100.40 (1) (c)
 
 (see, People v Bertram,
 
 302 NY 526 [when the information forms basis for a warrant of arrest];
 
 People v James,
 
 4 NY2d 482 [also when the information is used solely as a pleading];
 
 see also, People v Jacoby,
 
 304 NY 33,
 
 supra; People v Brous,
 
 296 NY 1028). We did so for the very same reasons expressed in
 
 People v Alejandro (supra,
 
 70 NY2d, at 139), that is, to protect a defendant “against groundless criminal proceedings” by providing “reasonable guarantees against baseless prosecutions not predicated on probable cause”
 
 (People v James, supra,
 
 at 485-486).
 

 
 *364
 
 Of greatest relevance to the present case, however, is that we had repeatedly held that a hearsay objection had to be preserved by timely pretrial motion or it was waived, likening the matter more to a defect in form than fundamental substance. Thus, in
 
 People v Scott,
 
 in which, as discussed above, the Court noted that an objection that the information did not state a crime was
 
 not
 
 waivable
 
 (see, People v Scott, supra,
 
 3 NY2d, at 152
 
 [citing, e.g., People v Koffroth,
 
 2 NY2d 807]), the Court also stated the “well settled” rule that a defendant, by pleading guilty, waives any “objection to the
 
 form
 
 of the information,
 
 or where it is based on information and belief without disclosing the source thereof
 
 ’
 
 (People v Scott, supra,
 
 at 152;
 
 see also, People v Jacoby, supra,
 
 304 NY, at 39 [discussing
 
 People v Brous, supra]).
 

 This Court’s decision in
 
 People v Belcher
 
 (302 NY 529,
 
 supra)
 
 made an important contribution to our pre-CPL accusatory instrument jurisprudence. In
 
 Belcher,
 
 a drunken driving case, we held that the non-hearsay allegation requirement would be met if the allegation itself would be admissible at trial under an exception to the hearsay rule (there, the intoxicated defendant’s admission to operating his vehicle)
 
 (see, id.,
 
 at 535).
 

 To summarize, our pre-CPL accusatory instrument jurisprudence was settled in several respects. First, a failure to allege an element of the crime in an information was deemed a non-waivable jurisdictional defect that was reviewable on appeal even in the absence of a timely objection. Second, criminal informations had to be based upon non-hearsay factual allegations in order to be legally sufficient. Third, hearsay allegations were considered akin to defects in form, and were therefore waived absent challenge before trial. Finally, an informant could satisfy the non-hearsay requirement by an allegation admissible under a hearsay rule exception.
 

 B.
 

 Nothing in the language or legislative history of CPL 100.40 (1) (c) evinces a purpose to tighten the criminal pleading rules of our earlier decisions. To the contrary, other provisions show an intent to relax the pleading requirements of prior statutory and decisional law
 
 (see,
 
 CPL 120.20 [1] [permitting a misdemeanor complaint, which may include hearsay, to serve not only as the basis for initiating a criminal action, but also for issuance of an arrest warrant];
 
 People v Dumas,
 
 68 NY2d 729, 731). In this sense, the CPL loosened the prior case
 
 *365
 
 law’s requirement for non-hearsay allegations in an information used to secure issuance of an arrest warrant
 
 (see, e.g., People v Bertram, supra)
 
 in favor of the less stringent constitutional standard of “reasonable cause” to believe the defendant committed the offense
 
 (see, People v Dumas, supra;
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.10, at 218;
 
 see also,
 
 CPL 70.10 [2] [“ ‘Reasonable cause to believe that a person has committed an offense’
 
 * * *
 
 may include or consist of hearsay”]). Additionally, under the Criminal Procedure Law, a criminal defendant is permitted to waive the right to be tried on a non-hearsay accusatory instrument
 
 (see,
 
 CPL 170.65 [3] [“A defendant who has been arraigned upon a misdemeanor complaint
 
 may waive prosecution by information
 
 and consent to be prosecuted upon the misdemeanor complaint”] [emphasis supplied]; CPL 170.10 [4] [d]).
 

 The statutory validation of the use of hearsay-based accusatory instruments in such important respects negates any inference of a legislative intent, in enacting CPL 100.40 (1) (c), to overrule our earlier decisions that hearsay objections to a criminal information were not jurisdictional, but waived absent preservation before trial.
 

 C.
 

 A holding that hearsay allegation violations of CPL 100.40 (1) (c) are jurisdictional and non-waivable would also contravene the principles underlying the narrow exceptions to the preservation rule created by our precedents. As early as 1858 in
 
 Cancemi v People
 
 (18 NY 128), and 1887 in
 
 People v Bradner
 
 (107 NY 1), we identified the categories of procedural defects in criminal cases that were non-waivable and, thus, reviewable as an error of law without preservation at the trial level. They were the instances where the court lacked “jurisdiction of the
 
 subject matter,
 
 and where such jurisdiction exists, a change * * * of the
 
 mode of proceeding
 
 * * * so extensive as to convert the case from a judicial proceeding into a mere arbitration”
 
 (Cancemi,
 
 at 136 [emphasis supplied]).
 
 Bradner
 
 described the types of procedural defects not requiring preservation to include those where “the court had no jurisdiction, or that the constitutional method of trial by jury was disregarded * * * or some other defect in the proceedings, which
 
 could not be
 
 waived or
 
 cured
 
 and is fundamental”
 
 (Bradner, supra,
 
 107 NY, at 4 [emphasis supplied] [citation omitted]).
 

 The inclusion of hearsay allegations in a local court information cannot deprive the tribunal of subject matter jurisdic
 
 *366
 
 tion. Pleading deficiencies cannot be jurisdictional because a court must both have
 
 and
 
 exercise subject matter jurisdiction in order even to rule on the sufficiency of a pleading (see,
 
 Thrasher v United States Liab. Ins. Co.,
 
 19 NY2d 159, 166 [“plaintiffs’ failure to plead and prove that notice of entry of judgment had been served on (the necessary parties) did not affect the Supreme Court’s
 
 competence to entertain the suit.
 
 The plaintiffs’ failure to do so only affected the (court’s) power to
 
 render a judgment on the merits
 
 * * * because they failed to state a cause of action”] [emphasis in the original]). As the United States Supreme Court explained:
 

 “Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction”
 
 (Bell v Hood,
 
 327 US 678, 682).
 

 Nor is a hearsay pleading violation of CPL 100.40 (1) (c) “a change * * * of the mode of proceeding * * * so extensive” that it should be non-waivable and reviewable without preservation (Ca
 
 ncemi, supra,
 
 at 136). From the inception of our case law on this subject, the failure to preserve has been excused for only the most fundamental procedural irregularities. As we reiterated in a recent exposition of our mode of proceedings error doctrine, it is only “where ‘the error complained of goes to the
 
 essential validity
 
 of the proceedings conducted below’ such that ‘the entire trial is
 
 irreparably tainted,’
 
 [that] it need not be preserved to present a question of law reviewable by this Court”
 
 (People v Agramonte,
 
 87 NY2d 765, 770 [quoting
 
 People v Patterson,
 
 39 NY2d 288, 295-296] [emphasis supplied]). Pleading errors involving omission of elements of the charged crime are fundamental. They impair a defendant’s basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy. Hearsay pleading defects do not implicate any of those basic rights of an accused. Indeed, as earlier discussed, both statutory and decisional law have recognized that a criminal prosecution can validly proceed on a hearsay-based accusatory instrument. We have even held that the statutory right to be prosecuted on a non-hearsay accusatory instrument can be waived by implication
 
 (see, People v Connor,
 
 63 NY2d 11,
 
 supra).
 

 
 *367
 
 Also noteworthy is the Criminal Procedure Law’s provision mandating permissible amendment over dismissal of a legally insufficient information
 
 (see,
 
 CPL 170.35 [1] [a] [an information “not sufficient on its face pursuant to the requirements of section 100.40 * * *
 
 may not be dismissed
 
 as defective,
 
 but must instead be amended,
 
 where the defect * * * is of a kind that may be cured by amendment and where the people move to so amend”] [emphasis supplied]). This also militates against treating a hearsay allegation defect in an information as nonwaivable. From its inception to this day, our mode of proceedings error case law has emphasized the importance of the curability of a particular procedural defect as a factor weighing in favor of requiring preservation
 
 (see, People v Bradner,
 
 supra;
 
 People v Gray,
 
 86 NY2d 10, 20-21). Contrastingly, a legally insufficient juvenile delinquency petition under Family Court Act § 311.2 (3), the counterpart to CPL 100.40 (1) (c), cannot be cured by amendment
 
 (see,
 
 Family Ct Act § 311.5 [2] [b]). Thus, we have held that hearsay pleading defects in delinquency petitions need not be preserved
 
 (see, Matter of Rodney J.,
 
 83 NY2d 503,
 
 supra; Matter of Detrece H.,
 
 78 NY2d 107). This distinction in curability further justifies differential treatment of local criminal court informations for preservation purposes.
 

 Conclusion
 

 For all of the foregoing reasons, we conclude that hearsay pleading defects in the factual portion of a local criminal court information must be preserved in order to be reviewable as a matter of law on appeal. Because defendant failed to interpose a timely objection or motion before the trial court which addressed the hearsay defect in the misdemeanor information in this case, we are precluded from considering it. Defendant’s remaining argument for reversal is without merit.
 

 Accordingly, the order of the Appellate Term, insofar as appealed from, should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order, insofar as appealed from, affirmed.