Colabella, J.,
dissents in part and concurs in part in the following memorandum: I would affirm both convictions. I am in agreement with the majority’s affirmance of the assault conviction. A strong policy in this state seeks to prevent what the defendant and his wife attempted here: to “cover up,” for whatever motive, acts of physical abuse by one spouse of the other.
With regard to the accusatory instrument charging resisting arrest, I disagree with the majority’s opinion. Said accusatory instrument was accompanied by the accusatory instrument charging assault as well as a domestic violence report which, when read together, set forth ample factual allegations showing that the underlying arrest for assault was authorized.
In People v Casey (95 NY2d 354, 360), the Court of Appeals held, “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” When this rationale is applied to the case at bar, there can be no question but that there were factual allegations giving the accused sufficient notice to prepare his defense and that these were adequately detailed to prevent him from being tried twice for resisting the instant arrest. Under the circumstances, therefore, I would not disturb the determination upholding the sufficiency of the superseding information charging resisting arrest.
Floyd, P. J., and Coppola, J., concur; Colabella, J., dissents in part and concurs in part in a separate memorandum.