OPINION OF THE COURT
Analisa Torres, J.
Defendant moved to dismiss this action on the grounds (1) that 21 NYCRR 1050.7 (e) is unconstitutional, and (2) that the accusatory instrument is facially insufficient.
I dismissed the violation information at arraignment. This constitutes my written opinion.
The accusatory instrument alleges that on May 25, 2000, at the 145th Street and Broadway subway station, Officer Ruperto Montalvo “observed defendant holding a radio in a subway train and that [the] radio was on in that [the officer] could hear music playing.”
Defendant was charged with violating 21 NYCRR 1050.7 (e). That provision states:
“No person on or in any facility or conveyance shall >f: *
“(e) create any sound through the use of any sound production device, except as authorized by section 1050.6(c) of this [p]art. Use of radios and other devices listened to solely by headphones or earphones and inaudible to others is permitted.”
21 NYCRR 1050.6 (c) (4) states:
“Except as expressly authorized and permitted in this subdivision* * *
“(4) No activity may be permitted which creates excessive noise or which emits noise that interferes with transit operations. The emission of any sound in excess of 85 dBA on the A weighted scale measured at five feet from the source of the sound or 70 dBA measured at two feet from a token booth is excessive noise and is prohibited.”
At arraignment, defendant argued that 21 NYCRR 1050.7 (e) is unconstitutional, on the ground of vagueness. I disagree.
To determine whether a penal law is unconstitutionally vague, a two-pronged analysis is applied. First, the statute must provide adequate notice of what conduct is prohibited; second, the statute must not be drafted in a manner which *701 fosters arbitrary or discriminatory enforcement. (People v Bright, 71 NY2d 376, 382 [1988].)
21 NYCRR 1050.7 (e) incorporates by reference the provisions contained in 21 NYCRR 1050.6 (c). “[EJxcessive noise” is defined in paragraph (4) of section 1050.6 (c) as sound “in excess of 85 dBA on the A weighted scale measured at five feet from the source of the sound or 70 dBA measured at two feet from a token booth.”
Because 21 NYCRR 1050.6 (c) (4) specifies maximum sound levels permitted on subway trains and sets forth the manner in which sound is to be measured, 21 NYCRR 1050.7 (e) and 1050.6 (c) (4) provide adequate notice to the public of the forbidden conduct and contain objective standards for law enforcement personnel. Accordingly, the rule is not unconstitutionally vague and defendant’s motion to dismiss on that ground was denied.*
Defendant also argued that the information is facially insufficient, because it fails to state the elements of the offense. Defendant is correct.
An accusatory instrument which charges only a violation must be an information. (CPL 100.05.) In order for an information to be facially sufficient, the factual portion must contain nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offense charged. The nonhearsay allegations, if true, must establish every element of the offense and the defendant’s commission of the offense. (CPL 100.15 [3]; 100.40 [1]; People v Alejandro, 70 NY2d 133, 136-139 [1987].) An information’s failure to allege an element of the offense charged is a nonwaivable jurisdictional defect. (People v Casey, 95 NY2d 354, 364 [2000].)
If an accusatory instrument is facially insufficient and a court “is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face,” the court must dismiss such accusatory instrument. (CPL 140.45; cf. People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000] [applicability of CPL 140.45 to misdemeanor complaints].)
*702 21 NYCRR 1050.6 (c) (4) prohibits noise in transit facilities which exceeds certain levels as measured in a specified way. Under this provision, an accusatory instrument is not facially sufficient if it merely states that a radio is audible. Because the violation information in this case does not allege that the sound emitted by Mr. Cullman’s radio was measured and that it exceeded the permissible levels, the accusatory instrument fails to state every element of the offense and is jurisdictionally defective. (People v Casey, 95 NY2d 354, 364 [2000].)
Moreover, the failure to measure the radio’s sound made it impossible for the People to draft and file a facially sufficient information. Accordingly, defendant’s motion to dismiss was granted at arraignment. (CPL 140.45.)

 Because the accusatory instrument does not allege a violation of that portion of 21 NYCRR 1050.6 (c) (4) which prohibits “noise that interferes with transit operations,” this opinion does not address the constitutionality of that part of the rule.
In People v Bakolas (59 NY2d 51 [1983]), the Court of Appeals held that Penal Law § 240.20 (2)’s prohibition against “unreasonable noise” is not unconstitutionally vague.