Stein, J.
(dissenting). To be legally sufficient, the factual part of the information must establish reasonable cause to believe that defendant committed the charged offense (see CPL 100.40 [1] [b]), and contain “nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof” (People v Kalin, 12 NY3d 225, 228-229 [2009] [emphasis added, internal quotation marks and citation omitted]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Alejandro, 70 NY2d 133, 135-136 [1987]). As relevant here, the information factually alleged that, at about 10:40 p.m. at the corner of specified streets, defendant “approached the [complainant] and smacked the [complainant] about the buttocks,” which she described as causing her “to become alarmed and annoyed.” Because I cannot agree with the majority’s conclusion that the information contains sufficient allegations concerning the element of the offense of forcible touching that defendant committed the act “for no legitimate purpose” (Penal Law § 130.52), I dissent.
While I recognize that an information need not negate all possible defenses (see People v Casey, 95 NY2d 354, 360 [2000]), the lack of a legitimate purpose does not merely pertain to a *373 defense; it is a distinct element of the crime of forcible touching that must be affirmatively established by the People. As with other elements relating to an offender’s state of mind, that purpose element could be established through reasonable inferences drawn from defendant’s actions and the surrounding circumstances (see People v Steinberg, 79 NY2d 673, 682 [1992]). However, in my view, even under a “fair and not overly restrictive or technical reading” (Casey, 95 NY2d at 360), the factual allegations here are simply too sparse to create or support any inferences establishing the “no legitimate purpose” element of the charged crime. The information is completely bereft of any facts or details about the ages of the involved parties or their relationship (or lack of relationship) to each other — a factor that even the majority recognizes as relevant (majority op at 370-371). Thus, it is reasonably possible that defendant could be the parent, guardian or custodian of the complainant — who may be a minor — smacking her buttocks as a method of discipline, which could have annoyed and alarmed her despite defendant’s arguably legitimate purpose. Although some speculation may be required to conclude that defendant was so related to the complainant and had such a legitimate purpose, the point is that speculation is also required to reach the opposite conclusion, as the majority has apparently done— speculation that could have been avoided simply by including sufficient factual allegations in the information to support the charge.[1] For example, an allegation that defendant and the complainant were strangers to one another might have adequately added the necessary context.
Nor does the fact that the information charges defendant with another similar count against a different victim on a separate occasion support the element of lack of a legitimate purpose. Without any details about what occurred prior to the other incident, the relationship of defendant to that complainant, or their respective ages, we would have to engage in the same speculation as to whether defendant lacked a legitimate purpose with regard to his acts toward the other complainant, as well. Repetitions of the same or similar insufficient allegations do not render them sufficient. Likewise, we may not consider the other informations — alleging additional, similar *374 incidents against different complainants — when determining the facial sufficiency of the information at issue.[2]
Inasmuch as the allegations in the one pertinent information fail to establish “every element of the offense charged and the defendant’s commission thereof” (CPL 100.40 [1] [c]), the information did not adequately charge defendant with forcible touching, rendering it jurisdictionally defective (see People v Jackson, 18 NY3d 738, 741 [2012]). Because the Appellate Term reached this same conclusion, I find no error in its decision to reverse defendant’s conviction and dismiss the accusatory instrument and would, therefore, affirm.
Chief Judge Lippman and Judges Pigott, Abdus-Salaam and Fahey concur; Judge Stein dissents and votes to affirm in an opinion.
Order reversed and judgment of Criminal Court of the City of New York, Kings County, reinstated.

. Contrary to the majority’s assertion, it is not this writer’s intent to urge any particular inference, but merely to highlight the inadequacy of the information’s factual allegations.

. Similarly, despite the majority’s reference to facts known by defendant about the complainant (see majority op at 371 n 2), in ascertaining the sufficiency of the accusatory instrument, it is not appropriate for the Court to consider facts within defendant’s personal knowledge, which are not set forth in the instrument itself.