The People of the State of New York, Respondent,
against
Sean Phillips, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin B. McGrath, J.), rendered April 16, 2013, after a nonjury trial, convicting him of criminal trespass in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kevin B. McGrath, J.), rendered April 16, 2013, affirmed.
The accusatory instrument was not jurisdictionally defective. The information, comprising the misdemeanor complaint and the supporting deposition of the arresting New York City police officer, who was assigned to the Transit Bureau, alleged, inter alia, that defendant was observed "enter[ing] the subway station beyond the turnstiles, which is an area enclosed by the turnstiles and gates in a manner designed to exclude those who do not pay the required fare, by walking through an exit gate" and that "defendant did not have permission or authority to enter beyond the turnstiles without paying." These factual allegations, "given a fair and not overly restrictive or technical reading" (see People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant was guilty of third-degree criminal trespass. Contrary to defendant's contention, as a matter of common sense and reasonable pleading (see People v Dinardo, 94 AD3d 626 [2012], lv denied 19 NY3d 972 [2012]), the non-hearsay allegations were sufficient to establish that defendant entered unlawfully (see generally People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681[U] [App Term, 1st Dept 2013], affd sub nom. People v Matthew P., 26 NY3d 332 [2015]), without remitting the requisite payment or otherwise having a right to enter.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The credited police testimony established that defendant entered a New York City subway platform unlawfully by passing through the emergency exit gate without paying the required fare and without permission (see People v Kante, 49 Misc 3d 141[A], 2015 NY Slip Op 51612[U] [App Term, 1st Dept 2015]; People v Thiam, 16 Misc 3d 136[A], 2007 NY Slip Op 51665[U] [App Term, 1st Dept 2007], lv denied 9 NY3d 993 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 29, 2016