The People of the State of New York, Respondent, 
against
Abel Contreras-Santana, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Jennifer G. Schecter, J.), rendered December 8, 2011, convicting him, upon a plea of guilty, of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Jennifer G. Schecter, J.), rendered December 8, 2011, affirmed.
We find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument charging him with driving while intoxicated per se (see Vehicle and Traffic Law § 1192[2]). The information - comprising the misdemeanor complaint and the arresting police officer's supporting deposition, together with a Chemical Test Analysis certificate sworn to by the police officer who administered defendant's blood alcohol test — alleged, inter alia, that the defendant was observed "operating a 2004 Infinity . . . the key was in the ignition, the engine was running and defendant was behind the wheel"; that defendant had watery and bloodshot eyes, a "flushed" face, slurred speech, was unsteady on his feet and had the odor of alcohol on his breath; and that the results of the Intoxilyzer 5000 breath test measured defendant's blood alcohol content at .186%. These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that the defendant was guilty of driving while intoxicated per se (see People v Martinez, 45 Misc 3d 134[A], 2014 NY Slip Op 51725[U] [App Term, 2d, 11th and 13th Jud Dists 2014], lv denied 25 NY3d 991 [2015]; see also People v Hernandez, 46 Misc 3d 151[A], 2015 NY Slip Op 50293[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1109 [2016]; People v Collucci, 36 Misc 3d 145[A], 2012 NY Slip Op 51618[U] [App Term, 1st Dept 2012], lv denied 20 NY3d 931 [2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 29, 2016