The People of the State of New York, Respondent, 
against
Alfred Peter Diorio, Jr., Appellant.



Appeal from a judgment of the City Court of Peekskill, Westchester County (Reginald J. Johnson, J.), rendered February 27, 2015. The judgment convicted defendant, after a nonjury trial, of violating City of Peekskill Code § 485-6 (E). The court imposed a $100 fine.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
City of Peekskill Code § 485-6 (E) sets forth the times during which garbage, trash, and other waste may be placed on the street for collection by the City of Peekskill Sanitation Department. The code provision states as follows:
"No garbage, trash, recyclables or other waste shall be put out on the street in the residential area for collection by any person before 6:00 p.m. on the night preceding collection nor after 7:00 a.m. of the day of collection . . . All waste containers and mechanically emptied containers must be removed from the curbside and returned to the appropriate place of storage by the end of the day of collection."
An accusatory instrument was filed charging defendant with violating City of Peekskill Code § 485-6 (E), in that "on December 15 [2014] at 630 North Division Street the undersigned observed Bulk trash out to curb late . . . still out to curb. The defendant is either the owner or the occupant of the subject premises or, if the violation observed was on public property, the defendant created the condition that constitutes the violation cited herein." The allegations were based upon personal knowledge of a sanitation department foreman "or upon information and belief based on public works investigation." Following a nonjury trial, at which defendant appeared pro se, the City Court found defendant guilty as charged.
To be facially sufficient, an information must contain nonhearsay factual allegations of an evidentiary character which establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]; People v Taffet, Misc 3d , 2016 NY Slip Op 26351 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). These requirements are jurisdictional, and the failure to meet them may be asserted at any time, with the exception of the requirement of nonhearsay allegations, which, insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court (see People v Kalin, 12 [*2]NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 575 [2004]). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360).
Even giving the words in the accusatory instrument, "trash out to curb late . . . still out to curb," a fair and not overly restrictive reading, they did not sufficiently provide defendant with notice that he left trash at the curb adjacent to his property before 6:00 p.m. on the night preceding collection or after 7:00 a.m. on the date of collection.
In light of our determination, we need not reach defendant's claims that his guilt was not supported by legally sufficient evidence and that the verdict of guilt was against the weight of the evidence.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: February 02, 2017