The People of the State of New York, Respondent,
against
Markus Mendez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Louis L. Nock, J.), rendered October 19, 2016, convicting him, upon a plea of guilty, of operating a motor vehicle while impaired by drugs, and sentencing him, inter alia, to a fine of $750.




Per Curiam.
Judgment of conviction (Louis L. Nock, J.), rendered October 19, 2016, affirmed. 
The accusatory instrument was not jurisdictionally defective. Giving the misdemeanor information "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with driving while impaired by drugs (see Vehicle and Traffic Law § 1192[4]). The arresting officer alleged that defendant operated a motor vehicle; that he had slurred speech, bloodshot, watery eyes and a strong odor of marijuana on his person; he admitted to the officer that he "smoked a little bit"; and a bag of marijuana was recovered from inside the vehicle (see People v Drouin, 115 AD3d 1153, 1154 [2014], lv denied 23 NY3d 1019 [2014]; see also People v Cruz, 48 NY2d 419 [1979], appeal dismissed sub nom. Cruz v New York, 446 US 901 [1980]). There was no requirement that the information also contain an allegation of erratic driving (see generally People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]). 
We perceive no basis for reducing the fine. Defendant received the precise sentence for which he had bargained, which was within the permissible statutory range (see Vehicle and Traffic Law § 1193[1][b][i]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 27, 2018