People v Figueroa (2018 NY Slip Op 06968)





People v Figueroa


2018 NY Slip Op 06968


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


7359 17898/13

[*1]The People of the State of New York, Respondent,
v
Danny Figueroa, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (James J. Wen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Jeanette Rodriguez-Morick, J. at motion; Diane Kiesel, J. at nonjury trial and sentencing), rendered February 18, 2014, convicting defendant of attempted criminal contempt in the second degree, and sentencing him to a term of 30 days, unanimously affirmed.
Defendant waived any challenge to the purported hearsay defect in the accusatory instrument by not filing a written motion challenging the information within 45 days of arraignment (see CPL 170.30[1][a],[2]; 255.20[1]; see also People v Casey, 95 NY2d 354, 362-363, 367 [2000]). Defendant could not avoid this procedural bar simply by placing his claim in a speedy trial motion.
In any event, the court properly denied defendant's speedy trial motion because the accusatory instrument was not jurisdictionally defective and therefore, the People's statement of readiness was not illusory. The misdemeanor information was sufficient because it established by nonhearsay evidence every element of the offense of attempted second-degree criminal contempt (see People v Casey, 95 NY2d at 359-360 [2000]). The information was based on the statement of the victim, who had firsthand knowledge of defendant's violation of an order of protection that was in effect, and of which defendant had been duly informed. It was therefore, unnecessary for the People to affix a certified copy of the order of protection to render the accusatory instrument sufficient (see id.). Defendant's attempt to distinguish Casey is unavailing. The victim's personal knowledge sufficed to establish the necessary facts and there was no requirement of "corroboration."
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK