The People of the State of New York, Respondent,
against
Herminio Robles, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Elizabeth N. Warin, J.), rendered September 29, 2016, after a nonjury trial, convicting him of criminal trespass in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Elizabeth N. Warin, J.), rendered September 29, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that it was legally sufficient to charge defendant with criminal trespass in the third degree (see Penal Law § 140.10[a]). Allegations that defendant entered the specified subway station beyond the turnstile, "without permission or authority to do so and without paying the required fare, by pulling the wheel of a turnstile backwards and slipping through," were sufficient to establish that he entered unlawfully, without remitting the requisite payment (see People v Phillips, 53 Misc 3d 151[A], 2016 NY Slip Op 51693[U] [App Term, 1st Dept 2016], lv denied 28 NY3d 1149 [2017]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The credited police testimony established that defendant entered a New York City subway platform unlawfully by pulling the wheel of a turnstile back and slipping through it without paying the required fare and without permission (see People v Alvarez, 162 AD3d 596 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 26, 2018