The People of the State of New York, Respondent,
against
Oshane Fyffe, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Marsha D. Michael, J.), rendered May 9, 2017, convicting him, upon a plea of guilty, of promoting prison contraband in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Marsha D. Michael, J.), rendered May 9, 2017, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), and "drawing reasonable inferences from all the facts set forth in the accusatory instrument" (People v Jackson, 18 NY3d 738, 747 [2012]), the accusatory instrument contains sufficient facts to demonstrate "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of promoting prison contraband in the second degree (see Penal Law § 205.20[2]). The factual allegations that at a specified date and time, defendant, an inmate at Riker's Island, had on his person, "protruding from his rectum, one (1) sharpened piece of glass wrapped in black electrical tape," supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]). Contrary to defendant's present claim, deponent's sworn allegations, which were derived from firsthand information provided to him by a fellow correction officer, "appear[] reliable" (CPL 70.10[2]), and any challenge to those allegations was a matter to be raised as an evidentiary defense to the charge, not by insistence that the information was jurisdictionally defective (see People v Casey, 95 NY2d at 360). Any hearsay defect in the instrument was waived by defendant's guilty plea (see People v Keizer, 100 NY2d 114, 121-123 [2003]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 20, 2019