The People of the State of New York, Respondent,
against
Cheickna Diallo, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered August 11, 2017, after a nonjury trial, convicting him of attempted trademark counterfeiting in the third degree and two counts of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered August 11, 2017, affirmed.
The accusatory instrument was not jurisdictionally defective. The information - comprising the misdemeanor complaint and the supporting deposition of a representative of the trademark owner - alleged that at a specified time and street location, police observed defendant displaying and selling merchandise, including handbags, wallets and belts; that the merchandise recovered, including "105 counterfeit Louis Vuitton handbags," were determined to be counterfeit based upon several specifically enumerated features distinguishing them from genuine Louis Vuitton handbags; and that the allegedly counterfeit trademarks appearing on the handbags were registered and in use. These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant was guilty of trademark counterfeiting in the third degree (see Penal Law § 165.71; People v Ndiaye, 44 Misc 3d 135[A], 2014 NY Slip Op 51208[U] [App Term, 1st Dept 2014]; People v Wele, 41 Misc 3d 133[A], 2013 NY Slip Op 51804[U] [App Term, 1st Dept 2013], lv denied 22 NY3d 1044 [2013]).
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's determination concerning credibility. Defendant's "intent to evade a lawful restriction on the sale, resale, offering for sale, or distribution of goods" (Penal Law § 165.71) may be inferred from his actions and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]), including his possession of several hundred counterfeit items, made up of more than 100 counterfeit Louis Vuitton handbags, in a location where counterfeit items are sold.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 24, 2019