# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 7
The People &c.,
   Respondent,
  v.
Damon Wheeler,
   Appellant.

Richard L. Herzfeld, for appellant.
Andrew R. Kass, for respondent.

MEMORANDUM:

The order of the Appellate Term should be reversed and the accusatory instrument

dismissed.

- 1 -

Defendant was convicted of obstructing governmental administration in the second degree for backing his vehicle away from police officers who were attempting to execute a warrant to search the vehicle. Prior to trial, defendant moved to dismiss the accusatory instrument, arguing that it was facially insufficient because it failed to put him on notice of the "official function" with which he was alleged to have interfered (Penal Law § 195.05). Specifically, defendant asserted that the accusatory instrument was defective because it lacked any reference to the search warrant and alleged in a conclusory fashion that defendant's actions were intentionally taken to prevent the police officers from "effecting a proper vehicle stop." City Court denied the motion and a jury found defendant guilty. Upon defendant's appeal from the judgment, the Appellate Term affirmed (61 Misc 3d 30, 33-34 [App Term 2d Dept, 9th & 10th Jud Dists 2018], lv granted 32 NY3d 1129 [2018]).

To be facially sufficient, an information must "set forth 'nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof'" (People v Kalin, 12 NY3d 225, 228-229 [2009], quoting People v Henderson, 92 NY2d 677, 679 [1999]; see CPL 100.40 [1] [c]) and which "supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]; see People v Casey, 95 NY2d 354, 360 [2000]). Here, with regard to the "official function" element of the obstruction charge, the accusatory instrument lacked factual allegations providing defendant with notice of the official function with which he was charged with interfering—namely, a police stop of defendant in his vehicle in order to execute a search warrant (Penal

Law § 195.05).   Defendant therefore lacked sufficient notice to prepare his defense, rendering the information jurisdictionally defective (see Casey, 95 NY2d at 360).

In light of our holding, defendant's remaining arguments have been rendered academic.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

Order reversed and accusatory instrument dismissed, in a memorandum.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided February 13, 2020