People v Furlan (2021 NY Slip Op 50570(U))

[*1]

People v Furlan (Pingyuan)

2021 NY Slip Op 50570(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2019-1038 N CR

The People of the State of New York,
Respondent,
against
Pingyuan Furlan, Appellant. 

Zev Goldstein, for appellant.
McLaughlin & Stern, LLP (Benjamin S. Kaplan of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Kings Point, Nassau County
(Gary C. Granoff, J.), rendered June 13, 2019. The judgment convicted defendant, after a nonjury
trial, of failure to stop at a stop sign, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with failure to stop at a stop sign
(Vehicle and Traffic Law § 1172 [a]) and entered a plea of not guilty by certified mail.
During her first appearance in court, defendant, represented by counsel, indicated that a pretrial
conference had been conducted, but that a plea agreement could not be reached. A nonjury trial
was conducted that same day, to which defendant did not object. Following the presentation of
evidence and summations by the attorneys, the court found defendant guilty of the charged traffic
infraction and sentenced her to pay a fine.
Defendant's sole contention on appeal is that, by proceeding to trial on the first appearance
date, the Justice Court ran afoul of the statutory requirement that, upon receipt of a properly
mailed plea of not guilty to a traffic infraction charge, as in this case, the "court shall advise the
violator, by first class mail, of an appearance at which no testimony shall be taken. If the motorist
requests a trial, then the court shall set a trial date on a date subsequent to the date of the initial
appearance and shall notify the defendant of the date by first class mail" (Vehicle and [*2]Traffic Law § 1806). Although conceding that this issue is
unpreserved, defendant asserts that the failure to satisfy Vehicle and Traffic Law § 1806
constitutes a jurisdictional defect, for which preservation is not required. We disagree.
The
"categories of procedural defects in criminal cases that were non-waivable and,
thus, reviewable as an error of law without preservation at the trial level . . . were the instances
where the court lacked jurisdiction of the subject matter; and where such jurisdiction exists, a
change [] of the mode of proceeding [] so extensive as to convert the case from a judicial
proceeding into a mere arbitration" (People v Casey, 95 NY2d 354, 365
[2000]).
Here, the Justice Court's subject matter jurisdiction was clear
and uncontested, and the averred statutory violation did not negatively impact the mode of
proceedings in any capacity. We therefore decline to address defendant's sole, unpreserved
appellate contention in the interest of justice.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2021