People v Krauze (2024 NY Slip Op 50813(U))

[*1]

People v Krauze

2024 NY Slip Op 50813(U)

Decided on June 22, 2024

Criminal Court Of The City Of New York, Kings County

Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Konstantine Krauze, Defendant.

Docket No. CR-0047449-23KN

Eric Gonzalez, District Attorney, Kings County, Gabriel Tejada, Assistant District Attorney
Arthur Gershfeld, Esq., of counsel for the Defendant.

Patrick Hayes Torres, J.

The defendant is charged with Vehicle and Traffic Law § 1192 (3) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, among other charges. Defendant moved to dismiss pursuant to CPL 30.30 for the People's failure to convert the accusatory instrument to an information and in the alternative challenges the validity of the People's Certificate of Compliance, ("COC") with a quasi-Statement of Readiness ("SOR") filed on March 20, 2024, as not proper under Criminal Procedure Law ("CPL) 245.20 (1) because certain materials were not disclosed and made available to the defense and moved for a dismissal of the accusatory instrument pursuant to CPL 170.30 (1) (e) and 30.30 (1) (b). 
For the reasons set forth below, the defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30 is granted.
PROCEDURAL HISTORY
On December 29, 2023, the defendant was arraigned and charged with violating Vehicle and Traffic Law § 1192 (3) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, among other charges, an unclassified misdemeanor which has a 90-day speedy trial time. See CPL 30.30 (1) (b); Vehicle & Traffic Law § 1193 (1) (b) (i). Therefore, the People were required to file their COC/SOR on or before March 29, 2024. 
On March 20, 2024, the People, on the 81st day of the 90-day speedy trial time, served off calendar to the defense a Certificate of Compliance ("COC"). The COC contained a clause which stated that "[t]he People certify that all counts charged in the accusatory instrument filed in the above action meet the requirements of CPL §§ 100.15 and 100.40 and any counts not meeting the requirements of CPL §§ 100.15 and 100.40 have been dismissed." At the time of the filing of the COC, the accusatory instrument had not been converted to an Information and as present still not yet converted.
Also on March 20, 2024, the People filed a Motion to Extend the Time for Discovery pursuant to CPL 247.70 (2). The People sought to extend the time of discovery to obtain EMS/FDNY and Hospital records.
On May 1, 2024, the defense notified the Court that a Motion to Dismiss had been filed [*2]on April 1, 2024, and as a result the Court ordered the People to file their Opposition immediately.
On May 15, 2024, the People filed a response to defendant's motion.
DISCUSSION
On March 20, 2024, the People, on the 81st day of the 90-day speedy trial time, served off calendar to the defense a Certificate of Compliance ("COC"). The COC contained a clause which stated that "[t]he People certify that all counts charged in the accusatory instrument filed in the above action meet the requirements of CPL §§ 100.15 and 100.40 and any counts not meeting the requirements of CPL §§ 100.15 and 100.40 have been dismissed. The People avoided the words "People Announce Ready", like they normally do to satisfy CPL 30.30 (5-a). The People in their quasi-COC/SOR erroneously certified that they reviewed the accusatory instrument and that the accusatory instrument met the requirements of CPL 100.15 and 100.40. However, the People's quasi-COC/SOR certification was illusory since the accusatory instrument did not satisfy the requirement of CPL 100.15 and 100.40.
CPL § 100.15(3) requires that the accusatory instrument contain a statement of the complainant alleging "facts of an evidentiary character supporting or tending to support the charges." People v Casey, 95 NY2d 354, 360 (2000). An information is considered valid if it states "facts of an evidentiary character supporting or tending to support the charges: CPL 100.15 (3); 100.40 (1) (a); and the" allegations of the factual part *** together with those of any supporting depositions ***, provide reasonable cause to believe that the defendant committed the offense charged " CPL 100.40(1)(b); and "the [n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL § 100.40 [1])(c); See CPL 100.15(3); People v Kalin 12 NY3d 225, 228-229 (2009); Casey at 360.
Here defendant on December 29, 2023, was arraigned and charged with violating Vehicle and Traffic Law § 1192 (3) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs, among other charge. The accusatory instrument in this case contained factual allegations in an evidentiary nature that were provided solely by informant Emergency Medical Technician ("EMS") Johnson that would tend to support the charge that defendant committed the offense of Vehicle and Traffic Law § 1192 (3) Operating a Motor Vehicle Under the Influence of Alcohol or Drugs. However, the factual allegations were hearsay since the People failed to obtain the supporting deposition of informant EMS Johnson. The nonfactual allegations in the accusatory instrument could not have established every element of the offense charged. See CPL 100.40(1). A review of the accusatory instrument could not have established each and every element of the crime charges without the supporting deposition of EMS Johnson. Thus, the filing of the People's quasi-COC/SOR was illusory and did not halt the speedy trial clock. Moreover, the People were unable to file a SOR since the accusatory instrument was never converted to an information and as such the speedy trial time lapsed. See People v Brown, 214 AD3d 823 (2nd Dept. 2023).
In addition, to filing the quasi-COC/SOR, the People on the same day filed a Notice of Motion to Alter the time of Discovery pursuant to CPL 245.70(2). The filing of the two documents in this case seemed to provide a bad optic given that the Notice of Motion to Alter [*3]the Time of Discovery appeared to have been hastily filed. The Notice of Motion provided the location the motion was to be heard at 320 Jay Street, Brooklyn, New York, the Supreme Court building instead of 120 Schermerhorn Street, the Criminal Court building. The Motion also provide an incorrect court date of March 28, 2024, when the court appearance date was March 29, 2024. Lastly this was a bare bone motion.
Pursuant to CPL 245.70(2) "upon a motion of a party ., the court may alter the time periods for discovery imposed by this article upon a showing of good cause." In evaluating a good cause application such as an extension of time the People should provide the Court the steps taken to obtain the missing material, explain how their diligent and reasonable inquiries were unsuccessful in obtaining the material, and a reasonable expectation in acquiring the missing material, See People v. Adrovic 69 Misc 3d 563 (Crim. Ct., Kings County 2020).
CPL 245.70(2) should be read in conjunction with 245.10(1)(a)(iv)(B), which states that "When the discoverable materials are exceptionally voluminous or, despite diligent, good faith efforts, are otherwise not in the actual possession of the prosecution," the time period for [245.10(1)(a)] may be altered pursuant to a motion pursuant to 245.70 (2), assuming of course that good cause can be established. 
None of the factors of CPL 245.10(1)(iv)(b) were present. Here, the People's application to Alter the Time for Discovery failed to make a showing of good cause under CPL 245.70(2). The People were seeking EMS records, and hospital records for defendant. The people stated that they subpoenaed the above records on February 9, 2024, and followed-up on March 20, 2024, the very same day they filed their Motion to Alter the Time for Discovery under 245.70(2) and the Quasi COC/SOR. The People's affirmation exhibited a lack of diligent and reasonable inquiries in obtaining the missing discovery. The People made general assertions of their good faith efforts, but their assertions lacked dates, times, who they contacted and an explanation for the delay with an expectation when the missing discovery would be acquired. Thus, the People could not avail themselves to 245.70(2). See People v Bautista, 67 Misc 3d 279 (Crim. Ct., New York County 2020)
The People in their opposition to defendant's motion to dismiss disclosed that the filing of the motion to alter discovery was conferenced by a supervisor in their support to file the motion to alter the time of discovery to obtain EMS/Hospital records as part of their discovery and to obtain the identity of the EMT that arrived at the scene. The explanation appeared to camouflage the People 's failure to convert the accusatory information by requesting an alteration of discovery time under CPL 245.70(2). After all EMS/Hospital records were very common items and not unique or hard to find item. See People v Aquino, 72 Misc 3d 518, 523 (Crim Ct. Kings County 2021).
In any event, the People failed to submit any legal authority in support that CPL 247.70(2) can be used to alter the timetable for CPL 30.30 when there is a failure to convert a complaint to an information. The People acknowledged they proceeded under CPL 245.70(2) to extend the time to locate the informant and obtain a supporting deposition, which is not an appropriate vehicle to use. The District Attorney's office employs numerous detectives which could or should have been empowered to locate the informant. To date the People have yet to submit the supporting affidavit of EMT Johnson to convert the accusatory instrument to an information. Under this scenario allowing the People to file a motion to extend the time to allow the People to convert the accusatory instrument to an information would be a dangerous precedent to set in that speedy trial time would be diluted.
The People's CPL § 30.30 time commenced on December 30, 2023, the day after the commencement of the criminal action. People v. Stiles, 70 NY2d 765 (1987). On March 20, 2024, when the People filed their quasi-COC/SOR, 81 days were chargeable to the People. However, the People's quasi-COC/SOR was improper and did not stop the CPL § 30.30 time. The CPL § 30.30 time was not effectively stopped until April 1, 2024, when defendant filed the instant motion. CPL § 30.30 (4)(a). The People are charged 93 days of speedy time. Consequently, defendant's motion to dismiss the accusatory instrument is granted pursuant to CPL §30.30(1)(b).
Defendant's challenge that certain materials were not disclosed and made available to the defense under Criminal Procedure Law ("CPL) 245.20 (1) is deemed moot because of the violation of defendant's speedy trial.
Accordingly, the defendant's motion to dismiss pursuant to CPL 30.30 [1] [b] is granted and the case sealed pursuant to CPL160.50. 
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: June 22, 2024
Brooklyn, New York 
E N T E R:
_____________________________
Patrick Hayes Torres, J.C.C.