■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTIN NORALES, Appellant. [930 NYS2d 192]—

The misdemeanor information sufficiently alleged that defendant knowingly and unlawfully entered a nonpublic area of a building. There is no material distinction between the allegations of this information and those upheld in *People v Maresca* (19 Misc 3d 133[A], 2008 NY Slip Op 50663[U] [App Term, 1st Dept 2008]) and *People v Quinones* (2002 NY Slip Op 50091[U] [App Term, 1st Dept 2002], *lv denied* 98 NY2d 680 [2002]). The allegations plainly indicate that defendant entered a nonpublic lobby, and not merely a public vestibule. The factual allegations of an information are to be "given a fair and not overly restrictive or technical reading," and are sufficient so long as they "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (*People v Casey,* 95 NY2d 354, 360 [2000]).

The information was also sufficient to allege that defendant knowingly entered the lobby unlawfully. The allegations that defendant entered the lobby through a locked door, notwithstanding a conspicuous no-trespassing sign, and when questioned did not claim to be a resident or invited guest, satisfied the knowledge element of trespass (*see e.g. People v Flores,* 21

Misc 3d 141[A], 2008 NY Slip Op 52371[U] [App Term, 2d Dept 2008]). Concur—Gonzalez, P.J., Andrias, Saxe and Sweeny, JJ.