People of the State of New York, Respondent, 
against
John Walston, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (David Stadtmauer, J.H.O.), rendered October 8, 2013, convicting him, upon a plea of guilty, of criminal trespass in the third degree, and imposing sentence




Per Curiam.
Judgment of conviction (David Stadtmauer, J.H.O.), rendered October 8, 2013, affirmed.
The accusatory instrument was not jurisdictionally defective. The information, comprising the misdemeanor complaint and the supporting deposition of the arresting police officer, alleged that defendant was observed on the fifth floor of an apartment building that was marked by "no trespassing" signs and signs that read, "THIS BUILDING PARTICIPATES IN CLEAN HALLS BUILDING;" that the building was equipped with a locked entrance door and a buzzer entry system; that defendant lived elsewhere; and that although defendant stated that he was in the building to visit an individual named Melissa Castro in Apt. 6L, the arresting officer, upon investigation, could not locate anyone who had given defendant permission or authority to be inside the building. These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient, for pleading purposes, to establish reasonable cause to believe and a prima facie case that defendant was guilty of third-degree criminal trespass (see People v Norales, 88 AD3d 499 [2011], lv denied 18 NY3d 960 [2012]; People v Maresca, 19 Misc 3d 133[A], 2008 NY Slip Op 50663[U] [App Term, 1st Dept 2008], lv denied 11 NY3d 738 [2008]). Contrary to defendant's contentions, the information is not jurisdictionally infirm due to the absence of specific allegations concerning the nature and extent of the police investigation at the scene (see People v Livingston-Boyd, 32 Misc 3d 143[A], 2011 NY Slip Op 51662[U] [App Term, 1st Dept 2011], lv denied 18 NY3d 860 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 10, 2017